GORMAN, administratrix of GORMAN, deceased v. Low and others.

Infant took a lease of a lot of ground in New-York and left the city. The landlord obtained possession under the statute then in force concerning deserted premises. The tenant afterwards returned and filed his bill; but held, he should go to a court of law.
Held also, that this court could have retained the bill and have given directions for a trial at law and enjoined the parties from setting up temporary bars or impediments, provided the same were against conscience and any such bars or impediments had existed.
Equity cannot relieve against the provisions of a statute.

*May* 21.
1834.

*Landlord and Tenant. Statute.*

In the month of March one thousand eight hundred and twenty-seven the defendants, Cornelius Low and Nicholas Low, made a lease to Jeremiah Gorman of a lot of ground at the corner of Mc. Dougall Street and Houston Street in the city of New-York, for the term of twenty one years from the first day of November one thousand eight hundred and twenty-six, reserving an annual rent of one hundred dollars, payable quarterly:—with a power of re-entry in case the rent were unpaid for the space of ten days.

When Jeremiah Gorman took the lease he was an infant of about eighteen years of age. His father had given him a sum of money and with this he erected buildings upon the lot at a cost of about one thousand and three hundred dollars; and which were completed on the first day of May one thousand eight hundred and twenty seven. A main part of the house which he erected he underlet to one Berrian for a year and at a rent of two hundred dollars; another part was underlet to one Mc. Leod as tenant at a rent of forty dollars for a year; and a small part was occupied by his father free of rent.

A short time afterwards the lessee, Jeremiah Gorman, left the city and state; and it was not known where he had gone. There were various rumours about him; and he was reported to be dead.

In the month of February one thousand eight hundred and twenty eight a year's ground rent had become due; and

being unpaid, the defendant, Augustus Fleming, as agent for the lessors, proceeded under the statute of 13th April, 1820, (Laws of N. Y. Sess. 43, ch. 194.) to recover possession of the premises and to put an end to the lease. For this purpose, a demand in writing of the year's rent or of the possession forthwith was, on the fourteenth day of February one thousand eight hundred and twenty eight served upon Berrian, the under-tenant, addressed to him or Jeremiah Gorman the lessee. This demand not being complied with, application was then made to a justice for a summons, which was granted in the form prescribed by the statute ; and upon service and return of the same, such further proceedings were had before the justice that on the twenty sixth day of February one thousand eight hundred and twenty eight the justice rendered judgment that the lessors recover the possesion of the premises, and thereupon they were put into possession—and from the first day of May one thousand eight hundred and twenty eight they had let the premises to other tenants.

In the spring of the same year, one thousand eight hundred and twenty eight, Jeremiah Gorman returned to New York ; and afterwards he appears to have made some application to the agent of the lessors to be restored to the possession of the property, which was refused—although the answer stated that they offered to give him the house provided he would remove it from the lot. The evidence showed it was slightly built and of little or no value to the owners of the land.

Jeremiah Gorman attained the age of twenty one years sometime in the year one thousand eight hundred and thirty ; and soon after filed his bill in this court against both the lessors and their agent, praying that they might be decreed to deliver up the premises to him under a new lease for the term or for the residue of it and the lessors account to him for the rents of the premises during the time they had possessed themselves of the property and prevented his use and enjoyment. He, however, died pending the suit ; and it was revived and prosecuted in the name of his administratrix.

1834.

GORMAN
v.
LOW.

*Mr. Mulock*, for the complainant.

*Mr. D. B. Ogden*, for the defendant.

The Vice-Chancellor :—The only question in this cause can be, whether the proceedings before the justice were regular and sufficient as against the lessee to put an end to the lease ?

This is purely a question of law. The objections taken at the hearing to the proceedings under the statute are 1. that, as the lessee was an infant, his estate was saved from forfeiture ; 2. that the alleged proceedings in the justice's court were not against the lessee but against the undertenant ; and 3. as to the lessee, they were void on their face. If upon these grounds or any other, the lessee was not divested of his estate or interest in the premises by means of the proceedings had before the justice, then the lease is still a subsisting one and the lessee or his legal or personal representative has only to bring an action of ejectment to recover the possession and for a compensation for the mesne profits by way of damages or an action for breach of the covenants of the lease for the eviction or disturbance of his tenants. The courts of law can furnish an ample remedy in some appropriate form of action where the question would be tried with more fitness than here ; and I cannot see the necessity of coming into this court.

It is not a case where temporary bars or impediments to a fair trial exist at law and which it might be the duty of this court to remove as being against conscience. The whole matter of the present suit must depend upon the effect of the summary proceedings before the justice ; and there is nothing to prevent a fair adjudication in an action at law. Hence, upon principles stated by Lord Redesdale in *Bond* v. *Hopkins*, 1 Sch. & Lef. 430, and by Lord Manners in *Blennerhasset* v. *Day*, 2 Ball & B. 104, there was no need of the aid of this court. With regard to the latter case, it is well to remark that the bill was retained to give the plaintiff an opportunity of bringing an action of ejectment to try the validity of an eviction of the tenant for

non-payment of rent and at the same time restraining the defendant from setting up a legal title in a mortgagee or the statute of limitations as a bar to the ejectment. But then, the present case is clearly distinguishable: for no such circumstance or obstacle exists here.

There is, however, another view presented of this case:— admitting the eviction to have been regular and binding and an actual forfeiture to have taken place, so as to deprive the lessee of all remedy at law, still it is said that this court has jurisdiction to relieve against such forfeiture upon just compensation being made ; and, upon this ground the court is asked to restore the term and possession. From an early period, courts of law, as well as courts of Equity, were in the habit of relieving the tenant from a forfeiture or breach of the condition of his lease for the non-payment of rent. Such relief was, however, confined to cases of rent. Where an action of ejectment was brought, the court of law interfered to stay proceedings upon payment of principal, interest and costs at any time before an execution, upon the judgment was executed. But equity went further and relieved even after execution executed, in proper cases, according to circumstances and where full compensation could be made: Platt on Cov. 204, 205, 206, and 565. At length, however, the legislature interposed and by statute regulated the practice of the courts upon the subject of ejectments by landlords or lessors against tenants under the clause of re-entry in their leases and restricted the right of tenants to relief, both at law and in equity, to six calendar months after the execution was executed ; and declared, in substance, that, henceforth the lessor should hold the premises discharged of the lease. This put an effectual check upon the power of the courts. They could no more relieve after this period of time than they could alter or repeal the law itself ; and hence the distinction that, although a Court of Equity, with a leaning against forfeitures where the party can be compensated, may relieve against the terms or conditions of a contract, yet it cannot against the provisions of a statute or conditions in law. This distinction was taken by Lord Macclesfield in *Peachy* v. *Duke of Somerset*, 1 Strange 447 ; and it was acted upon in *Keating* v. *Sparrow*, 1 Ball & B.

*margin:*

1834.

GORMAN
*v.*
LOW.

367. Then, how does the present case stand ? The legislature, in providing a summary mode of proceeding for landlords against their tenants, by the act of the 13th April, 1820. have not thought proper to allow any time for the tenant to redeem. He can save his term only by an immediate payment of the rent and costs or by giving satisfactory security for the payment within ten days after the decision or judgment of the magistrate against him. If he omits this, " the contract or agreement and the relation of landlord and tenant between the parties shall be thereafter cancelled and annulled." Thus an end is put to the lease and to the tenancy. It is absolutely forfeited by the express provision of the statute ; and this is a forfeiture over which the court cannot exercise a control—for it would be impugning the authority of the statute. But a case is not thus situated where a forfeiture is still depending upon the contract of the parties ; for there, where it relates merely to the payment of money, the court may interfere to prevent an advantage from being taken of the non-payment at a given day, provided the court can see that equal justice may be done by payments at a day subsequent.

I am of opinion no relief can be granted in this court. The bill must be dismissed. Under the circumstances and considering the suit has been latterly prosecuted by an administratrix, it must be dismissed without costs.