THE DUBUQUE & SIOUX CITY RAILWAY COMPANY v. THE CEDAR FALLS & MINNESOTA RAILWAY COMPANY.

1. **Appeal:** WHAT CONSIDERED: PLEADINGS FILED AFTER APPEAL TAKEN. Upon plaintiff's petition a temporary injunction was granted, and at the next term of court defendant appeared and filed an answer and a motion to vacate the writ. This motion was overruled and defendant perfected this appeal. Afterwards plaintiff filed an amendment to its petition, and in argument in this court relies largely upon the facts stated in such amendment, but *held* that they were not the facts on which the lower court ruled, and that they could not be considered here.

2. **Injunction:** TO VACATE CONTRACT AND RESTRAIN ACTIONS THEREON: WHEN NOT GRANTED. Plaintiff and defendant entered into a contract by which the former leased the road of the latter for forty years at a stated sum per mile per year. This action was brought to vacate the contract on the ground of fraud in defendant in procuring it, and to restrain defendant from bringing any actions to recover installments of rent due under it. *Held* that the case did not justify the interference of equity, because the fraud complained of could be finally adjudicated in one action at law for rent, and that a temporary injunction was warranted neither by section 3388 of the Code, nor by the usages of courts of equity in such cases.

*Appeal from Dubuque District Court.*—HON. J. J. NEY, Judge.

FILED, OCTOBER 9, 1888.

THIS is an appeal from an order overruling a motion to vacate a temporary injunction. The material facts are stated in the opinion.

*Stephen H. Olin* and *Henderson, Hurd, Daniels & Kiesel,* for appellant.

*John N. Jewett, W. J. Knight, McCeney & O'Donnell, Fouke & Lyon* and *Clarence A. Seward,* for appellee.

REED, J.—In 1866, the plaintiff owned and was engaged in operating a line of railroad from Dubuque to Cedar Falls. By its articles of incorporation it was empowered to build its railway westward to the Missouri river. Defendant also owned a line of road extending from a point on plaintiff's road to Waverley, a distance of fourteen miles, and by its articles was empowered to extend the same to the north line of the state. On the twenty-seventh of September of that year, the parties executed a contract by which defendant leased its road to plaintiff for the term of forty years from January 1, 1867. By the terms of the lease defendant agreed to complete the road to the state line, upon a designated route, within a reasonable time ; and plaintiff agreed to equip and operate the same as soon as completed, and to pay as rental therefor the sum of fifteen hundred dollars per mile for each year, in monthly installments. Other provisions of the lease are not material to the questions before us, and need not be stated. Soon afterwards plaintiff leased its road to the Illinois Central Railroad Company for a term of twenty years ; one of the provisions of the lease being that the latter company should assume the lease of defendant's road, and perform plaintiff's undertakings therein. That company did take possession and operate defendant's road during the term of its lease with plaintiff, which expired on the first of October, 1887, and paid the rental therefor, except a few of the last installments, to defendant. Soon after the termination of the last-named lease plaintiff brought this action, which is in equity, for the cancellation of the contract with defendant, on the grounds that its president and directors, who executed it, were adversely interested ; that it had never been ratified by the stockholders ; that the rent

agreed to be paid was excessive ; and that the contract was burdensome and disadvautageous to it ; and that its officers had no power to bind it by the contract, and that their act was a fraud upon it. In addition to the general prayer for relief, it asked that a temporary injunction issue, restraining defendant from instituting or prosecuting any action at law for the recovery of the installments of rent as they should fall due under the terms of the lease. The petition was presented to a judge of the district court, who made an order allowing the writ, and it was issued and served on defendant. At the next term defendant appeared and answered the petition. It also filed a motion to vacate the writ. The court modified the order and writ in certain respects, which are not now material, and overruled the motion, and the present appeal is from that order.

After the order was made and the appeal perfected, plaintiff filed an amended petition, in which the facts relied on as vitiating the contract are more fully set out than in the original petition, and in which additional facts are also pleaded. The arguments of counsel for the appellee, in so far as they relate to the real merits of the controversy, are based very largely upon these additional facts. But it is very manifest that we cannot consider those facts in determining this appeal. Although the amended petition has been brought into this court, it constitutes no part of the record of the case now before us. The question as to the correctness of the order appealed from must be determined upon the pleadings and proofs as they stood when it was made. They constitute the record upon which the district court acted, and we can consider nothing else. The record is voluminous, and the case has been elaborately and ably argued by counsel, both orally and in print. Much that has been said, however, relates to the questions whether an action in equity will lie for the cancellation of the contract, and whether, upon the facts alleged, plaintiff would in any event be entitled to that relief. But we do not find it necessary to go into

1. APPEAL: what considered: pleadings filed after appeal taken.

those questions; for, as we cannot consider the amended petition, we cannot determine whether the facts as there alleged would, if proven, entitle plaintiff to a judgment of cancellation or not. Besides, this motion raised the single question whether, upon the facts alleged, plaintiff is entitled to an injunction restraining defendant from prosecuting a suit at law for the recovery of the rent during the pendency of the action, and the question whether any other relief can be awarded does not necessarily arise under it. If the injunction was the only relief demanded, perhaps the case would have been otherwise; but, as other relief was demanded, the question as to the sufficiency of the allegations to entitle plaintiff to that relief could be raised only by demurrer.

Coming, then, to the question before us, we have to say that in our opinion the original petition does not

2. INJUNCTION: to vacate contract and restrain actions thereon: when not granted.

make a case for the allowance or continuance of an injunction. The injunction prayed for and allowed, it will be borne in mind, is a temporary writ restraining defendant merely from instituting any suit at law for the collection of the rent during the pendency of the equity action. The conditions upon which a temporary injunction may be allowed are prescribed by statute. Section 3388 of the Code is as follows: "When it appears by the petition therefor * * * that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of some act which would produce great or irreparable injury to the plaintiff, or when during litigation it appears that defendant is doing or threatens or is about to do * * * some act in violation of plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act." There are other provisions, it is true; but they relate to special cases, and that section prescribes the general rule on the subject. Under the provision, to warrant the allowance of the writ some act

must be done or threatened which would produce great or irreparable injury to the plaintiff, and is in violation of his right respecting the subject of the action, or which would tend to render ineffectual any judgment he might recover in the proceedings. In other words, it must be shown that the writ is essential for the preservation or protection of some right of the plaintiff with reference to the subject of the action. Now, the relief demanded generally by plaintiff is the rescission or cancellation of the contract upon the ground of the fraudulent purposes of its officers when they entered into it, and that the steps necessary to bind the corporation have never been taken. It is proper to say, however, that this latter ground has not been insisted upon in this court, but the sole reliance has been upon the former. To entitle plaintiff to that relief it must establish, not only the fraud alleged in the inception of the contract, but that it has surrendered, or offered to surrender, the property; for it appears, by the averments of the petition, that it has been in possession since the termination of the lease to the Illinois Central Company. But it is averred that, when plaintiff discovered the fraud, which was after the termination of the last-named lease, it declared its election to terminate the contract, and tendered back the property. For the purposes of the case, then, it is conceded (although not determined) that by the averments it shows itself entitled to that relief. But the facts relied upon are available in defense of an action at law on the contract for the enforcement of the rent. It would be a good defense in such an action that the contract was voidable because of fraud in its inception, and that the one against whom it was sought to be enforced had, upon discovery of the fraud, sought to rescind by returning or offering to return what he had received under it. The institution or prosecution of a suit at law, then, would not produce any great or irreparable injury to plaintiff; nor would it be a violation of his right relating to the subject of the action; nor render ineffectual the judgment he may recover in it. The case, upon its facts, is within the holding of

this court in *Smith v. Short*, 11 Iowa, 523. It is not governed by *Stewart v. Johnston*, 44 Iowa, 435; *Brigham v. White*, Id. 677, and the other cases in this court which hold that, when fraud is the *gravamen* of the petition, the injunction will not be dissolved upon a mere denial of the allegations of fraud, but will be continued until the final determination of the issue. In each of those cases the continuance of the injunction was necessary for the preservation of the rights claimed by the plaintiff in the subject of the action. Nor can the order be sustained upon the ground that the injunction prevents a multiplicity of suits. A single action by defendant upon the contract will determine the whole question of its right to recover the rents. The judgment in such an action, if against defendant, would be a complete bar to any other action by it for the enforcement of the same right, and it is not averred that it has or claims any other right than that. We have based our ruling principally upon the provision of section 3388; but, independently of statute, the rule is the same. Courts of equity will not interfere to restrain an action at law, when the defense may be used in the action of law itself without resort to equity. 1 High, Inj., sec. 89; 1 Pom. Eq. Jur., sec. 221; 2 Story, Eq. Jur., sec. 882. We think the order overruling the motion to vacate was an abuse of the legal discretion of the court, and it will be          REVERSED.