ELIZABETH SMITH v. H. J. GRISWOLD, Appellant.

**Reformation:** HARMLESS ERROR. Where the only effect of reforming a due bill would be the establishing that the consideration for it had failed, it is not error to refuse a transfer to equity; for in the absence of objection to the answer asking the reformation, a court of law could grant sufficient relief by refusing judgment on the due bill.

**Pleading: Reply.** An affirmative defense cannot be met with an avoidance in the absence of a reply setting up the matter in avoidance.

*Appeal from Calhoun District Court.*—HON. C. D. GOLD-SMITH, Judge.

MONDAY, OCTOBER 14, 1895.

In March, 1883, the defendant made to the plaintiff a duebill for one hundred and eight dollars, which is

the basis of this action. The following is the third division of the answer: "Third. And for further defense the defendant avers that at the time the said pretended duebill was executed the plaintiff engaged the defendant to procure for her a loan of six hundred dollars from the Aetna Insurance Company, and that, when so obtained, that out of it he was to pay certain obligations owing by said plaintiff, and that the balance, after obligations were paid out of the proceeds of said loan by the defendant, that there would be then remaining in his hands, as due the plaintiff, the sum of one hundred and eight (108) dollars, and that said sum would only be due the plaintiff in the event that said loan was procured by the defendant from the said insurance company, and that in no event was the defendant obligated to pay the plaintiff any sum until said loan should have been procured, and that said written agreement was executed to the plaintiff at her request, in pursuance of, and to express, said oral agreement, and as a memorandum only to her that such a sum would be due and payable to her after the procurement of said loan, and the payment of her obligations out of the sum, as above set forth; and it was understood and agreed that said written agreement should and did stand for and represent the said oral agreement, and not otherwise. And defendant avers that said written agreement should show the true and only agreement between the parties, which was that one hundred and eight dollars was due and payable to the plaintiff only in the event that the loan from the Aetna Insurance Company should be obtained and perfected; that it was then understood, believed, and agreed that said written agreement did express the oral agreement of the parties, with all its conditions and provisions, and, so agreeing and so believing, the same was executed and delivered; and that, if the said agreement does not contain the said condition, then it is not the agreement of

the parties, and the same should be reformed and corrected." The second division shows substantially the same state of facts, and it contains averments that the oral agreement was that in no event was the defendant obligated to pay until the loan should be procured, and that the duebill stood for and represented the oral agreement; and the division is made the basis for the prayer for the reformation of the written agreement or duebill to conform to the understanding of the parties. The following is the prayer of the petition: "Wherefore, the defendant asks, on final hearing, that said written duebill or writing, upon which plaintiff bases her cause of action, may be reformed and corrected to show the condition upon which the same was to be paid; that plaintiff's petition may be dismissed; and that defendant have judgment for his costs, and a decree providing for the same, and such other relief as equity can give." Upon filing the answer the defendant moved the court to transfer the cause for trial as an equity case, which the court refused; and the issues were then submitted to a jury, that found for the plaintiff, and from a judgment thereon the defendant appeals.—*Reversed.*

*Botsford, Healy & Healy* for appellant.

*Yeoman & Kenyon* for appellee.

Granger, J.—I. There was no error in the refusal of the court to transfer the cause to the equity side of the docket for trial. The answer presented only defensive matter. Had the agreement been reformed, the legal effect would have been no more than the legal effect of the facts pleaded in the law action. The sufficiency of the facts pleaded as a defense was not questioned, and, if they were established, the law forum gave the same relief as was sought in

equity.   The facts that would reform the instrument would defeat a recovery on it.   Under such circumstances, equity has no jurisdiction.   This is elementary.   *City of Council Bluffs v. Stewart*, 51 Iowa, 385 (1 N. W. Rep. 628); *Dubuque & S. C. Ry. Co. v. Cedar Falls & M. Ry. Co.*, 76 Iowa, 702 (39 N. W. Rep. 691).

II.   There was no reply, and, as the defense of a failure of consideration is an affirmative one, the burden was with the defendant, the law operating as a denial of the answer.   To establish this defense, it was necessary to prove that when the duebill was given it was for an amount to become due plaintiff from the six hundred dollars to come from the insurance company, after the payment to defendant for advancements, and a prior mortgage, and, if the loan was not obtained, then the duebill was not to be paid.   The failure of consideration, as pleaded, was clearly established by plaintiff's evidence, and the facts do not appear to be disputed in the record.   Plaintiff, to avoid the effect of these facts, as shown, was permitted to prove a series of transactions happening after the execution of the duebill, and mainly after the facts pleaded as showing a failure of consideration had transpired.   The court, after stating the issue, gave to the jury this instruction: "Seventh. If you find that the Aetna Life Insurance Company accepted such notes and mortgage executed and delivered to it, and treated them as in any way binding obligations of plaintiff, or if it assigned or transferred the same to defendant, and he, while holding them, sought to enforce them as the obligations of plaintiff, and she recognized and treated them as such, then there has been no failure of the consideration for the duebill, and your verdict should be for the plaintiff."   It will be seen that the instruction permits other facts than the loan to be shown as a consideration for the duebill, or

it may be better stated to say that, notwithstanding the loan was not obtained, it permitted the effect of the failure to obtain the loan to be avoided by the fact that the notes and mortgage had been treated or recognized by the insurance company, or the defendant, and the plaintiff, as binding. No money was ever obtained from the insurance company. Anticipating that the money would be obtained, plaintiff executed the notes and mortgage, and the latter was recorded. Plaintiff failed to secure a release of the prior mortgage as she agreed, and the loan failed. While the loan was expected to be made, defendant advanced one hundred and fifty dollars to plaintiff. She sold the land, and moved to Dakota; the sale being subject to this anticipated loan, the mortgage for which was of record. The money from the insurance company was in the hands of defendant, to be paid when the prior mortgage was satisfied of record. The amount of the prior incumbrance, the advancements by defendant, and his commissions, and some fees, aggregated an amount so that there would remain for the plaintiff one hundred and eight dollars, for which the duebill was given; it being then supposed that the prior incumbrance would be removed, and defendant could apply the money. After the failure of the loan, defendant, to protect himself for what he had advanced, obtained an assignment of the mortgage from the insurance company, and later the prior mortgage was obtained; and matters were finally adjusted by the owners of the land, and the liens canceled. Suit was afterwards commenced on the note. The adjustments were the result of several transaction, involving commissions and payments; and they were all admitted in evidence to show, as we must

assume, that the insurance company mortgage had been treated as binding, for that is the proposition submitted to the jury. We think the trial was a clear departure from the issues presented by the pleadings. If the plaintiff desired to avoid the facts pleaded as a defense, she should have pleaded the facts in avoidance, under the provisions of Code, section 2665, by which course the issue tried would have been presented. *Bank v. Wright*, 84 Iowa, 728 (48 N. W. Rep. 91, and 50 N. W. Rep. 23) and cases there cited. The evidence was admitted under objection, and appellant presents the point in argument, and there is no attempt made to answer it. We think the point is well taken, and the judgment is *reversed*.