CAROLINA BIERMANN, Appellee, v. THE GUARANTY
MUTUAL LIFE INSURANCE CO., Appellant.

**Life insurance:** CANCELLATION OF POLICY: EQUITABLE JURISDICTION.
Ordinarily equity has no jurisdiction where there is an adequate remedy at law. Under this rule a cross petition filed in a law action brought to recover on an insurance policy, alleging that the contract was procured by fraud and asking its cancellation will not be entertained, the same facts having been pleaded in defense to the suit at law, which if established would constitute a complete bar to recovery.

**Same:** FRAUD: ESTOPPEL. Unless a full and complete copy of an application for life insurance is attached to the policy the company is precluded by statute from pleading or proving, in defense to a suit on the policy, the falsity of warranties contained in the application.

**Same:** KNOWLEDGE OF FALSE STATEMENTS. Knowledge of the soliciting agent of the intemperate habits of an applicant at the time he took the application was knowledge of the company; and where it appeared that the agent had such knowledge and the application itself disclosed the use of intoxicants to a degree sufficient to put the company on inquiry, the false statement of the insured in that regard was not available as a defense to a suit on the policy.

**Same:** FALSE STATEMENTS: EVIDENCE. Neither the fact that an insured had previously been engaged in the liquor business; nor that he owned stock in a corporation engaged in the business; nor the impression of witnesses having no means of actual knowledge that he was so engaged, are sufficient to establish the falsity of his representations that he was not and had no intention of engaging therein.

**Same:** BURDEN OF PROOF. The defense to an action on an insurance policy that the insured procured a favorable report from the company's medical examiner by fraud and deceit is an affirmative one, and the company has the burden of proving it by a preponderance of the evidence.

*Appeal from Marshall District Court.*—HON. J. M.
PARKER, Judge.

TUESDAY, MAY 4, 1909.

ACTION at law upon a policy of life insurance. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Carroll Bros.* and *C. H. Van Law,* for appellant.

*W. T. Bennett* and *J. J. Wilson,* for appellee.

WEAVER, J.—On February 14, 1907, the defendant issued a policy in the amount of $2,000 upon the life of Gustav Biermann, payable at his death to his wife, Carolina Bierman, who is plaintiff herein. The premium for the first year's insurance, $84.66, was duly paid, and on May 4, 1907, Biermann died. Proofs of death were made by the widow and delivered to the defendant, but payment was refused. Action being brought to recover upon the policy, the defendant contested the same on the alleged grounds: (1) That the deceased in his application falsely warranted that he was not in the habit of using intoxicating liquors to excess, was not then interested in the sale of intoxicating liquors, and that he was then in good, sound condition of health, when, in fact, he was addicted to the intemperate use of intoxicating liquors, the holder of stock in certain liquor saloons in Marshalltown, and was not in sound health. (2) Defendant further pleaded that, by false statement and deceit, said deceased imposed upon its medical examiner, and thus fraudulently secured from him a favorable report upon the application on the strength of which report the policy was issued. After the action had been pending some time, the defendant filed a cross-petition, in which it restated at length the alleged false warranties made by the plaintiff in applying for the policy, and his alleged fraud in securing a favorable report from the medical examiner, and prayed for a rescission and cancellation of the policy, and at the

same time tendered a return of the premium received from the deceased. This cross-petition being denied by the plaintiff, the defendant moved that the issue thus joined be tried in equity before trial of the law issues. The motion was denied, and the cause tried to a jury which returned a verdict for plaintiff. The principal grounds assigned why a new trial should be granted are considered in the following paragraphs:

I. Error is assigned upon the refusal of the court to separate the issues, and try the matters, alleged in the cross-petition as in equity, before proceeding with the main action. It would hardly seem necessary to go into extended argument to demonstrate the unsoundness of this claim. The defendant had been brought into a court of law to answer to an action upon its contract. If that contract had been procured by fraud or false representations, such fact was a full, complete and perfect defense to the action, and, if that defense was made good, the policy would be deprived of all vitality as fully as could have been accomplished by a decree in equity formally canceling it. The appropriate law issue for that purpose had already been joined, and was waiting trial before the cross-bill was filed. Generally speaking, equity has no jurisdiction where there is an adequate remedy at law. 16 Cyc. 30. Of course, there is a certain field in which law and equity are said to have concurrent jurisdiction, and this jurisdiction includes a class of cases growing out of alleged accident, mistake or fraud. But even in this common field courts of equity, though recognizing the existence of their jurisdiction, are generally reluctant to exercise it where the remedy at law appears to be adequate and complete. *Gorman v. Low*, 2 Edw. Ch. 324; *Robinson v. Chesseldine*, 5 Ill. 332; *Hales v. Holland*, 92 Ill. 494; *Knight v. Hardeman*, 17 Ga. 253. This court has held that equity will not entertain an action to rescind a contract for mistake,

1. LIFE INSURANCE: cancellation of policy: equitable jurisdiction.

unless it appears that an injury will result for which the aggrieved party will have no adequate remedy at law. *Morse v. Beale,* 68 Iowa, 463. So, too, where a court of law has already obtained jurisdiction of a controversy involving an alleged fraud, equity will not interfere. *Nash v. McCathern,* 183 Mass. 345 (67 N. E. 323); *Eaton v. Trowbridge,* 38 Mich. 454; *Sweeny v. Williams,* 36 N. J. Eq. 627. To sustain the position of the appellant herein would be to sanction a practice by which the plaintiff in every action upon an insurance policy, or, indeed, upon every simple matter of contract, may be deprived of his constitutional right to have his cause submitted to a jury. The attempt so to do is by no means without precedent in this State. In the early case of *Smith v. Short,* 11 Iowa, 523, Short brought an action at law to recover the price of certain land sold by him to Smith. The latter then sued out an injunction to enjoin the proceeding at law on the ground that the contract had been procured by fraud, and that Short had no title to the land he pretended to sell. In holding that the injunction was improperly issued, this court said: "For aught that is shown, every matter stated in the bill can be made as fully available in answer and defense to the action at law as by an appeal to equity. Under such circumstances, the parties should be left to their legal remedies and defenses." Practically the same question was raised in *Smith v. Griswold,* 95 Iowa, 684. There an action at law was brought upon a duebill and upon cross-petition to reform the instrument a motion to transfer the issue to equity for trial to the court was overruled. Affirming this ruling, the opinion says: "The sufficiency of the facts pleaded as a defense was not questioned, and, if they were established, the law forum gave the same relief as was sought in equity. The facts which would reform the instrument would defeat a recovery on it. Under such circumstances equity has no jurisdiction. This is ele-

mentary." Further discussion of this branch of the case is unnecessary. The court did not err in overruling the defendant's motion. Indeed, it might well have sustained the plaintiff's motion to strike the cross-bill as it is a mere repetition of matters already pleaded in defense, and, as we have seen, the prayer for equitable relief was of no avail to defeat or interfere with the trial of the issues already joined.

II.   The sufficiency of the evidence to sustain the verdict is questioned by the appellant. We shall not attempt a review of the testimony. An examination of the record convinces us that the verdict is not without fair support. It may be said in this connection that the record as presented in this court is not in all respects clear or complete. For instance, it does not affirmatively appear that a full and correct copy of the application is indorsed upon or attached to the policy issued to the deceased. On the contrary, the inference from some of the testimony is that, if any copy was so attached, it was partial or incomplete, in which case under a familiar provision of our statute the defendant was barred from pleading or proving the falsity of the alleged warranties. Code, section 1819. This alone would dispose of the principal defenses upon which the appellant relies. But, even if we treat the application and its falsity as properly in issue, the verdict still has support in the evidence.

2. SAME: fraud: estoppel.

It is true the defendant made a strong showing to the effect that the deceased was greatly addicted to the use of intoxicants, or, as put by some of the witnesses, was a drunkard at the time the policy was applied for; but it is equally apparent that appellant had notice and knowledge of the truth in this respect when it accepted the application, and entered into the contract. The appellant had a local office in Marshalltown, where the deceased lived and was evi-

3. SAME: knowledge of false statements.

dently a well-known character. An agent in charge and several subagents or soliciting agents worked in and about the city and vicinity. The soliciting agent who took the application of the deceased knew of his drinking habits. When the insurance was being negotiated, it was a subject of conversation between the several agents of the appellant in the city as to the doubtful insurable condition of the deceased because of his habits. The application itself discloses his habits, to some degree at least; for, while saying that the applicant did not use malt or spirituous liquors "to excess," it further informs the company that he did take "a glass of beer occasionally." This was a sufficient disclosure to suggest to a discreet person the advisability of further inquiry if the subject was one deemed of vital importance. What constitutes "excess" in this respect is largely a matter of opinion, and varies all the way between a "drink" and a "drunk"; while an "occasional" glass of beer may mean anything from a glass once a month to one every fifteen minutes, according to the capacity of the individual, or, perhaps, according to the "liberality" of his views. It is argued that the knowledge of the soliciting agent concerning the applicant's habits imparts no notice to the company, but such is not the law of this state. Code, section 1750; *Cook v. Life Ass'n,* 74 Iowa, 746; *Continental Life v. Chamberlain,* 132 U. S. 304 (10 Sup. Ct. 87, 33 L, Ed. 341); *Jordan v. Insurance Co.,* 64 Iowa, 216; *Gurnett v. Insurance Co.,* 124 Iowa, 547; *Stone v. Insurance Co.,* 68 Iowa, 737; *Bennett v. Insurance Co.,* 70 Iowa, 600; *Eggleston v. Insurance Co.,* 65 Iowa, 308; *Marston v. Insurance Co.,* 89 Me. 266 (36 Atl. 389, 56 Am. St. Rep. 412). It must therefore be held under the finding of the jury that, if the representations made in the application were false, the falsity was known to the defendant when the policy was issued. Under such circumstances, the fact that the warranty was broken when made constitutes no defense. This is not

only true as a general proposition, but it is especially true under our statute governing defenses to life insurance policies based on the intemperate habits of the insured. Code, section 1811.

It is said that the applicant made false statements as to his occupation. The record in this respect is confused, but seems to indicate that in one place the applicant, being asked whether he had ever been engaged in or then had any intention of engaging in the manufacture, sale, or handling of malt or spirituous liquors, answered "No"; while in another place he is represented as answering the same inquiry by saying that he was retired from business, that formerly he had been in the saloon business for a few years, but had retired therefrom four years before. To prove the falsity of this representation, the only evidence offered was that at some time prior to the issuance of the policy deceased was the proprietor of two saloons in Marshalltown, and that, although he had retired from their management, there was still a general impression that he was in some manner or to some extent interested in the business, and was frequently seen in and about the saloons. In addition to this, proof was offered that his administrator had listed among the assets of his estate stock in these saloons. By this we understand shares of stock in a corporation owning said establishments. This evidence was excluded by the trial court, but, even if admitted, it would not support the claim of the defense. Ownership of stock in a corporation has no tendency to show that the owner is engaged in the business carried on by such corporation, nor are the impressions or opinions of witnesses who have no opportunity to know whereof they speak of any weight or value in determining the business interests of a neighbor or acquaintance.

4. SAME: false statements: evidence.

III.    Again, it is said the deceased procured a favorable report as to his health and physical condition from the

company's medical examiner by fraud and deceit. This is

5. SAME:
burden of
proof.

an affirmative defense, and the burden was on the appellant to establish it by a preponderance of the evidence. The jury found that the defense had not been so sustained, and the record fully justifies the finding. Nothing will be gained to either party by prolonging our opinion to discuss these questions of fact. The trial court fully and fairly instructed the jury upon the law of the case, and, while there may be room for verbal criticism upon some of the expressions used, the charge as a whole is unexceptionable. Indeed, appellant does not seriously complain that the jury was misdirected in any essential particular. Some complaint is made as to the statement of the issues, but we find the court's statement is reasonably full and explicit in that particular. The only serious questions in the case are of fact, and these have been found against the appellant.

The judgment of the district court must be, and is, *affirmed*.