JOHN F. DILLE, Appellee, v. O. H. LONGWELL, Appellant.

**TRIAL: Action at Law—Injecting Equitable Issue—When Partially
1 Transferred, When Wholly.** A defendant in a law action cannot compel the transfer of the entire cause to the equity calendar by injecting into the cause an equitable issue which does not reach to the whole cause of action. (Sec. 3435, Code.)

PRINCIPLE APPLIED: Plaintiff sued at law on a note calling for interest. Defendant answered that the agreement was that the note should not draw any interest, and that by mistake the one drawing the note inserted the provision for interest. Defendant asked for reformation. *Held,* while the particular issue of reformation should be tried, if demanded, in equity, yet plaintiff on the law issue was entitled to his jury.

**TRIAL: Action at Law—Defensive Issue—Transfer to Equity—
2 When Not Required.** An issue which is purely defensive—which goes to the very heart of plaintiff's right to recover and which if found by the jury in defendant's favor effectually forecloses plaintiff's right to recover—presents in a law action no equitable issue, though given a familiar equitable name. (Sec. 3435, Code.)

PRINCIPLE APPLIED: Plaintiff, an indorsee, sued at law on a note, the time of maturity being, "when present indebtedness of Highland Park Co. is paid." Defendant answered that he and the payee were trying to maintain Highland Park College; that it was financially embarrassed; that they agreed that payee should retain a half interest and that he and defendant should jointly attempt to carry on the college and pay its debts and that on the fulfillment of these conditions only was the note to be due; that payee and defendant were not successful; that payee sold out and abandoned the enterprise and therefore prevented any possible fulfillment of the agreement. Defendant prayed for "cancellation" of the note. *Held,* defendant was not entitled to have the cause transferred and tried in equity.

*Appeal from Polk District Court.*—HON. JAMES P. HEWITT, Judge.

THURSDAY, SEPTEMBER 24, 1914.

REHEARING DENIED THURSDAY, MARCH 23, 1915.

APPEAL from an order overruling a motion to transfer cause to the equity calendar.—*Affirmed.*

*Clinton L. Nourse,* for appellee.

*Clark, Byers & Hutchinson,* for appellant.

WITHROW, J.—I. The petition states that on March 24, 1902, the defendant executed and delivered to J. B. Dille his promissory note in terms as follows:

"No. ————                          ˉMarch 24, 1902.
"When present indebtedness of Highland Park Co. is paid, after date for value received, I promise to pay to J. B. Dille or order, Twelve Hundred Fifty and no-100 Dollars, payable at ................ with interest payable annually at the rate of five per cent per annum until paid. Interest when due to become principal and draw five per cent interest. If this note is not paid when due I agree to pay all reasonable costs of collection, including attorney's fee, and also consent that a Justice of the Peace may have jurisdiction hereon to any amount not exceeding three hundred dollars.
"$1,250.00.                          O. H. Longwell."

It is pleaded that thereafter said note was assigned by endorsement to Florence F. Dille, and later by her to John F. Dille, by whom this suit is brought; that demand for payment has been made, and no part of the note has been paid, although a reasonable time, about ten years, has elapsed; and that the defendant was an incorporator, officer and principal stockholder in the Highland Park Company when the note was given.

A second count pleads that all of the indebtedness referred to in the note has been fully paid and discharged.

The answer of the defendant pleads a general denial; and in addition, that the note was given as a part of a transaction between the defendant and J. B. Dille, under which the defendant was to purchase from Dille one-half of the interest which Dille then had in Highland Park College. The substance of the agreement as pleaded was that ''whereas the said college was heavily indebted, the said Dille should retain practically one-half interest in said college property, and this defendant and the said Dille should carry on the said college, and in the event that they were financially successful in carrying the same on and were able to pay off all of the debts of the said college, then and in that event only, this defendant should pay to the said Dille Twelve Hundred and Fifty Dollars ($1,250.00) without interest. . . . And it was understood and agreed between the said Dille and this defendant at the time said contract was entered into and at the time said note was signed, that the said note should not be of any force and effect unless the said Dille and the said Longwell should succeed in carrying on the said college successfully and in paying off the debts that then existed; that the said Dille and this defendant were not financially successful in carrying on said college. That they were never able to pay off the debts that existed, but on the contrary a large amount of additional debts had accumulated against said college, and the said Dille in consequence thereof sold and disposed of all of his interest in said college to other parties, and the condition upon which the said note was to become of force and effect was never fulfilled and cannot now be fulfilled.''

It was further pleaded that the part of the contract which was in writing, being the note sued upon, does not truly and correctly express the understanding and intention of the parties, in that it provides for the payment of interest at five per cent, whereas it was understood and agreed between the parties that the note should bear no interest; that the written agreement expressed in the note through error or mistake of the person drawing it did not contain such provision; and that

the note does not correctly set forth the understanding and agreement of the parties, and that it should be reformed by striking out the provision with regard to the payment of interest. The defendant prayed for a cancellation of the note based upon the averments of the first division of his answer, and also that it be re-formed so as to be in accordance with the agreement of the parties as to the interest charged.

Following this was a motion on the part of the defendant to transfer the cause to the equity docket, on the ground that equitable issues were tendered in the pleading and prayer for cancellation, and also for reformation of the written instrument. This motion was denied, and from such ruling this appeal is taken.

II. The action was properly commenced by ordinary proceedings. Code Sec. 3435 provides in such cases that "either party shall have the right, by motion, to have any issue heretofore exclusively cognizable in equity tried in the manner hereinafter prescribed in cases of equitable proceedings; and if all the issues were such, though none were exclusively so, the defendant shall be entitled to have them all tried as in cases of equitable proceedings."

1. TRIAL: action at law: injecting equitable issue: when partially transferred, when wholly.

It is contended by the appellee that not all the issues raised by the answer are equitable, and that therefore a motion to transfer the entire cause could not properly be sustained; that the answer raises no issue nor pleads any facts showing grounds for equitable action; and that appellant by his neglect lost any rights he may have had to a reformation.

III. The plea of mistake in the execution of the note, which we think is sufficient, and the prayer for reformation, while presenting an issue triable in equity, did not for that reason entitle the defendant to have the entire proceeding heard in equity. That issue did not reach to the whole cause of action, and while, if proper motion is presented asking for such, the trial of the question of reformation should be in equity, such does not entitle the defendant to have the case

transferred, as the plaintiff is in such cases entitled to a jury trial upon the law issues in an action properly commenced at law. *Eller v. Newell,* 159 Iowa 711; *Marquis v. Illsley,* 99 Iowa 135.

As the motion of the defendant covered the entire case, unless the plea of cancellation, which went to the whole cause of action, presented an issue triable in equity, there was no error in denying the motion to transfer.

IV. The prayer for a cancellation of the note is based upon the averments of the answer that the note was not to be of any force or effect unless the parties to it succeeded in

2. TRIAL: action at law: defensive issue: transfer to equity: when not required.

carrying on the college successfully and in paying off its indebtedness; that the indebtedness had not been paid, that Dille had disposed of his interest in the college, and that the condition upon which the note was given had not been or could not be fulfilled. There is no plea of any fraud entering into the execution of the note, or of conditions which rendered it invalid at the time of its execution, and such generally is a prerequisite to such right. 1 Story's Equity 694; *Brainard v. Holsaple,* 4 G. Gr. 485, 487. That which is relied upon as a defensive pleading, and also claimed to be of an equitable nature, goes directly to the condition in the note as to its time of payment, that is, "when the present indebtedness of Highland Park Company is paid," with the further provision as to their successful management of the college, and the averment that on account of having disposed of the property the provision as to the payment of its indebtedness cannot be fulfilled. This plea is defensive and does not present an equitable issue in the case, and if proven, may be effectively used in resistance to the action at law upon the written instrument. It is a general rule that a defense asking cancellation may not be made in a pending suit at law upon a written instrument, where the determination of the issue in the law case will definitely settle the rights of the parties. 6 Cyc. 292; 1 Pomeroy Eq., Sec. 179. If the trial and judgment in the law

case will not be conclusive of all possible claims, then the right to a trial in equity of equitable defenses is recognized. *Marling v. B. C. R. & N. Ry.*, 67 Iowa 331; *Twogood v. Allee*, 125 Iowa 59, 61. In the last case cited, in stating the rule, this court said: "Had the case been submitted to a jury upon issues of fact which it could properly consider, *there would yet have remained equitable issues to be disposed of.*" This we take to be the test generally recognized by the authorities in actions where the plea is defensive against a suit at law, and as distinguished from a proceeding brought in equity to secure cancellation. In this case the answer avers that the indebtedness of the college never has been paid, and because of a change in its ownership the condition as to payment never can be fulfilled. These averments go directly to the right of recovery, and if sustained by sufficient proof end the proceeding and accomplish every purpose that would be met by a decree of cancellation. Counsel for appellant in argument say that "if the defendant were successful in his defense that the note never became of any force and effect, and on that account should have plaintiff's action dismissed, he would still have to bring an action in equity or try out the equity issue as to the surrender and cancellation of the note." This conclusion we think is not warranted. A judgment for the defendant in the action at law under the issues presented would in effect be a cancellation of the note so far as it purported to evidence a legal liability, and be fully as effective in protecting the defendant's rights as would be a decree in equity. We are of the opinion that the defense presented was not one which entitled the defendant to have the cause transferred to the equity docket.

V. The conclusions reached render it unnecessary for us to consider the question of laches, or want of proper parties, both of which are raised by the appellee.

The ruling of the trial court is—*Affirmed.*

LADD, C. J., DEEMER and GAYNOR, JJ., concur.