PEOPLES TRUST & SAVINGS BANK, Appellee, v. JAMES ENGLE et al., Appellants.

JAMES ENGLE et al., Appellants, v. A. L. STUTZMAN, Appellee.

**TRIAL:** Proper Calendar—Transfer of Properly Brought Law Action. An action on a contract, properly brought at law, need not be transferred to the equity calendar because of a plea that the contract was fraudulently induced, with prayer for cancellation, when said latter plea and prayer can be properly adjudicated in the law action. Especially is this true when the motion to transfer was long delayed.

*Appeal from Mahaska District Court.*—CHARLES A. DEWEY, Judge.

JUNE 23, 1922.

REHEARING DENIED SEPTEMBER 30, 1922.

APPEAL from an order of court overruling motion of defendants to transfer cause to the equity calendar. The motion was denied and the defendants appeal.—*Affirmed.*

*Irving Johnson* and *Campbell & Campbell,* for appellants.

*S. V. Reynolds* and *McCoy & McCoy,* for appellees.

DE GRAFF, J.—This appeal presents but one proposition. Did the court err in overruling defendant's motion to transfer to equity? To determine the correctness of the ruling of the trial court it is necessary to make a brief recital of the facts and prior history of this cause. The action was originally instituted by the Peoples Trust & Savings Bank to recover as indorsee upon a promissory note executed by James Engle, Percy Engle, and Tim J. Campbell (defendants, cross-petitioners, and appellants herein), and indorsed by the payee A. L. Stutzman (appellee herein).

The defendants filed a cross-petition against the payee and indorser Stutzman and alleged that they entered into a contract with him for the purchase of certain real estate and as part consideration thereof executed and delivered to the said Stutzman a certain promissory note for $2,000, which is the note in suit.

The prayer of the cross-petition asked that the said real estate contract and note be rescinded and canceled and that they have judgment against Stutzman in whatever sum, if any, the Peoples Trust & Savings Bank may recover against them in said action.

It is alleged "that to induce the said James Engle, Percy Engle and Tim J. Campbell to enter into said contract and to execute said promissory note, said A. L. Stutzman orally represented and stated to the said James Engle, Percy Engle and Tim J. Campbell through his agent one D. Dunwoody, that the first mortgage on said premises which is referred to in said contract was not due by its terms for at least two years from March 1, 1920; that said James Engle, Percy Engle, and Tim J. Camp-

bell relied upon said representations and believed them to be true and by reason thereof entered into and executed said contract and note; that said representations were false and untrue; that said first mortgage was in fact at said time due by its terms in one year from March 1, 1920; that because of said false representations said James Engle, Percy Engle and Tim J. Campbell rescinded said contract and note and asked said A. L. Stutzman that the same be canceled and returned to them; that at the time of entering into and executing said contract and note said James Engle, Percy Engle and Tim J. Campbell had no knowledge that said representations were false and untrue."

To said cross-petition the defendant Stutzman filed an answer and counterclaim. The answer admitted the execution of the contract and note but denied each and every other allegation contained therein. The counterclaim prayed for damages against the cross-petitioners for their failure to comply with the terms of the real estate contract.

Upon the issues thus made the cause was tried to a jury at the April 1921 term of the Mahaska district court, and resulted in a directed verdict against the Peoples Trust & Savings Bank. No appeal was taken from the judgment entered thereon. By virtue of the verdict and judgment there was nothing left for trial except the counterclaim of Stutzman against the cross-petitioners, who were the original defendants.

Later the defendants and cross-petitioners filed a substituted reply in which they pleaded estoppel and rescission of the contract. The defendant Stutzman filed a reply thereto and on November 21, 1921 the cause having been duly assigned was called for trial a second time. After the jury had been impaneled and opening statements made to the jury, the cross-petitioners filed their first motion to transfer to the equity docket. This motion was by the court overruled and the trial proceeded. No appeal was taken from this ruling. The jury returned a verdict for the defendant Stutzman on his counterclaim for $3,800 which verdict was by the court on the motion of cross-petitioners set aside and a new trial ordered.

Thereafter the cross-petitioners by further amendment asked that the contract be reformed, rescinded and canceled. On December 30, 1921 the cross-petitioners filed their second motion

to transfer said cause to equity and predicated the motion on the issues of reformation, cancellation, rescission and estoppel, which it is alleged are equitable issues and cannot be tried at law. This motion was overruled by the court, and it is from this ruling and order that the instant appeal is based.

The trial court held: "By election of all the parties this cause in its inception was brought and tried as an action at law. So far as this court can determine from the many and various facts set out in the several pleadings, all the matters can be properly adjudicated in a law action, and the defendants have a plain, speedy, and adequate remedy at law."

This is the crux of the case and it is to this matter that this opinion is addressed. If the defensive matters pleaded by the defendants and cross-petitioners can be properly adjudicated in a law action as originally instituted no error was committed by the trial court in refusing to transfer to equity. In other words, if a trial and judgment in the law action is conclusive of all possible claims, then the right to a trial in equity of equitable defenses will be denied. This cause was instituted as a law action and properly so, since the subject-matter of the controversy involves a contract procured, as alleged, by fraud and false representations. It is a general rule that if the action is instituted in law it continues to be such even though the defendant interposes equitable defenses by way of answer, counterclaim or cross-petition. *Eller v. Newell*, 159 Iowa 711. See, also, *Lynch v. Schemmel*, 176 Iowa 499; *Dille v. Longwell*, 169 Iowa 686; *Smith v. Griswold*, 95 Iowa 684; 21 Corpus Juris 40, Section 15 *et seq.*

The filing of a cross-petition asking for the reformation or cancellation of an instrument will not *per se* entitle the pleader to a trial of the issues in equity. In the instant case the appropriate law issue had already been joined and was waiting trial, and had in fact been assigned for trial.

Furthermore it will be observed that the instant motion did not involve the purely equitable issues tendered, but it asked to transfer the entire cause and proceeding to equity. See *Fleener v. Nugent*, 185 Iowa 701.

In *Dille v. Longwell*, supra, it is said: "The plea of mistake in the execution of the note, which we think is sufficient, and

the prayer for reformation, while presenting an issue triable in equity, did not for that reason entitle the defendant to have the entire proceeding heard in equity. That issue did not reach to the whole cause of action.''

The ordinary rule in cases of concurrent jurisdiction gives to the court which first acquires jurisdiction power to try the cause, and this rule is especially applicable in cases where a delay is shown in appealing to equity. After having submitted to the jurisdiction of a court of law and after two hearings on the issues involved before said court, it may well be questioned whether a party should be permitted to leave that forum and seek the forum of equity. Mere convenience in the settlement of a question is not controlling. See *Nash v. McCathern,* 183 Mass. 345 (67 N. E. 323).

The primary objection is that every matter stated by the pleadings of the mover is as available for judicial consideration and determination in the forum of law as by an appeal to equity. The sufficiency of the facts pleaded is not in question, and if established by the evidence, afford the same relief in law as in equity. The facts which would reform or cancel the instrument would defeat a recovery on it. Under such circumstances equity has no jurisdiction. *Biermann v. Guaranty Mut. Life Ins. Co.* 142 Iowa 341.

The law forum in the instant case did afford an adequate remedy and consequently equity does not take jurisdiction although the matters pleaded find a common field in law and equity. A court of law having obtained jurisdiction of a controversy involving fraud and misrepresentation, a court of equity will not interfere.

As was said in the *Griswold* case, supra: ''Had the agreement been reformed, the legal effect would have been no more than the legal effect of the facts pleaded in the law action.''

Upon a careful study of our prior decisions we reach the conclusion that the equitable defenses presented and upon which appellant's motion is predicated did not warrant a change of forum for the trial of this cause. Wherefore the order and judgment entered is—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur,