A T

## DES MOINES, MAY TERM, A. D. 1888.

IN THE FORTY-SECOND YEAR OF THE STATE.

---

PRESENT:

Hon. WILLIAM H. SEEVERS, CHIEF JUSTICE.
Hon. JOSEPH R. REED,
Hon. JAMES H. ROTHROCK,
Hon. JOSEPH M. BECK, } JUSTICES.
Hon. GIFFORD S. ROBINSON,

---

## BARNES v. THE HEKLA FIRE INSURANCE COMPANY.

1. **Continuance:** CHANGE OF ISSUES: SHOWING NECESSARY. A party is not, as a matter of right, entitled to a continuance for the purpose of taking further testimony on account of amendments changing the issues. If he has additional testimony which he desires to take to meet the change of issues, he must so show by affidavit.

2. **Pleading:** ACTION AT LAW: CHANGE TO EQUITY BY AMENDMENT. A party is not estopped, by beginning his action at law, from amending his pleadings before the final submission, so as to change it into an equity action.

(11)

3. **Fire Insurance:** POLICY ISSUED BY AGENT: REFORMATION IN EQUITY TO CONFORM TO CONTRACT. An agent of defendant, who had full authority to enter into contracts of insurance for his principal, issued the policy in question. The contract was for insurance on the property to the extent of three thousand dollars in several companies represented by the agent, and the policy in question was for a part of that sum. But the policy in question provided that it should be void if the insured should obtain additional insurance without the written consent of the company. In an action on the policy, wherein the additional insurance obtained under the contract was relied on as a defense, *held* that, because plaintiff relied on the agent to write the policy in accordance with the contract, and failed to read the policy to see if he had done so, he was not guilty of such negligence as to bar him of the right to have the policy reformed so as to express the real contract.

*Appeal from Monroe District Court.*—HON. DELL STUART, Judge.

FILED, SEPTEMBER 5, 1888.

ACTION on a policy of insurance against loss or damage by fire. Judgment for plaintiff, and defendant appeals.

*T. B. Perry,* for appellant.

*Henry L. Dashiell,* for appellee.

SEEVERS, C. J.—This action, as originally commenced, was at law, and a recovery was sought on a policy of insurance. The defendant pleaded that the policy contained the following provisions: "This policy shall be void unless the consent is indorsed in writing by this company in each of the following instances: * * * If the assured have, or shall hereafter obtain, any other policy or agreement for insurance, whether valid or not, on the property insured, or any part thereof." The defendant further pleaded that after the issuance of the policy in question the plaintiff had procured additional insurance on the property insured, and therefore the policy was void. The plaintiff filed an amendment to the petition, alleging that, at the time the contract of insurance was entered into and

the policy issued, it was agreed between the plaintiff and defendant that the former should have the right to take out additional insurance on the property, and that the stipulation for additional insurance was "omitted from the policy by mistake, oversight, and through the fault of defendant;" and a reformation of the policy was asked. The defendant denied the allegations of the amended petition, and also pleaded that the plaintiff, having knowledge of the matters pleaded, was estopped from setting the same up, because he had elected to prosecute an action at law on the policy, and, having made an election of remedies, he was bound thereby, and also because of his negligence in failing to discover the alleged mistake, and therefore he was not entitled to equitable relief. The cause was thereupon transferred to the equity docket, and was tried as such. There was a trial at the February term, 1887, and the cause was submitted to the court upon written arguments to be filed in vacation, the plaintiff waiving the opening argument. At the time of filing a reply to defendant's argument, the plaintiff filed a further amendment to the petition, stating that, at the time the contract of insurance was entered into, the defendant was informed of the intention of plaintiff to take out additional insurance, and verbally assented and agreed thereto. The allegations of this pleading were denied by defendant, and, the cause not having been decided in vacation, the plaintiff insisted upon its immediate submission. To this the defendant objected, on the ground that the issue had been changed since the evidence had been taken, and that it had the right and desired to take evidence in the form of depositions. The court directed the case to be submitted.

I. The defendant contends that the court abused its discretion in ordering the submission of the cause at the time and in the manner it did. **1. CONTINUANCE: change of issues: showing necessary.** Under the practice in this state, as we understand, the defendant was not entitled to a continuance or postponement of the submission of the cause as a matter of right; and this

is what was asked. If the defendant had additional evidence it desired to take and introduce, it should have so shown by affidavit. Failing to do this, the court properly directed the case to be submitted.

II. The defendant contends that, as the plaintiff elected to bring an action at law on the policy, he cannot, by amended pleadings, ask a reformation of the policy, and have the case tried in equity. Conceding that the plaintiff had knowledge of the fact that the defendant asserted that it would rely on the defense it did, still we think he could bring an action at law on the policy, and ascertain certainly whether defendant would plead such defense or not, before resorting to equity. He could not know what the defense would be before it was pleaded. Under the statute in relation to amendments, we have no hesitation in holding that a party is not estopped by bringing an action at law from amending his pleadings before the case has finally been submitted to the court, so as to change it into an action in equity. We feel confident that the universal practice is in accord with this view.

2. PLEADING: action at law change to equity by amendment.

III. The evidence shows that the policy was issued by one Nelson, who was fully authorized to do so, and he, therefore, had the right to determine the premium, and in fact do all that defendant, or any of its officers, could do in relation to the contract of insurance. We find from the evidence that it was agreed between the plaintiff and Nelson that the former should have insurance on the property to the amount of three thousand dollars. The rate of premiums was agreed upon. The policy sued on was then written and delivered to the defendant, and in a month or two the other policies in other companies represented by Nelson were written and delivered to the plaintiff. That the plaintiff was entitled to and had contracted for such additional insurance is rendered certain, for the reason that Nelson so stated and wrote in a book designated as his insurance register; but he testifies that he failed to so state in the

3. FIRE insurance: policy issued by agent: reformation in equity to conform to contract.

policy. Nelson, as the authorized agent of the defendant, wrote the policy. The plaintiff relied on him to select the companies, and write the policy in accordance with the contract, and we think he had the right to do so ; and, because he failed to read the policy and discover the omission therein, and its terms and conditions, he is not guilty of such negligence as will bar him of relief, as the defendant contends. It is true, it was not agreed between Nelson and the plaintiff, in terms, that there should be a stipulation in the policy that the latter had the right to obtain additional insurance, but it does not follow that the policy cannot be reformed, and such provision inserted therein. It was clearly understood or implied that the plaintiff was to have a valid policy of insurance with the right to obtain additional insurance. This was the contract, and whatever provisions were necessary to make it effectual should have been inserted in the policy. Nelson, for the company, impliedly so agreed, and he should have so written the policy. The required provision was omitted by mistake or oversight. Nelson had the power to make such a contract, and he acted in good faith, but simply failed to draft the policy in accordance with the contract. The plaintiff has the right and is entitled to the benefits of the contract, and cannot be deprived thereof through the fault or negligence of the defendant. If the defendant was a natural person, and had entered into the contract, and had written the policy under the circumstances above stated, it seems to us a reformation could not be successfully resisted. For all the purposes of this case, Nelson must be regarded as the defendant. It therefore had notice of the actual contract, and is bound by its terms and conditions. The plaintiff is entitled to a decree reforming the contract, and to a judgment for the amount found due by the district court. The defendant must pay the costs of this appeal.

MODIFIED AND AFFIRMED.