CONTINENTAL TOBACCO CO. v. LARUS & BRO. CO.

(Circuit Court of Appeals, Fourth Circuit. November 15, 1904.)

No. 536.

1. UNFAIR COMPETITION—TAGS—EVIDENCE.

Where the method of putting up complainant's plug tobacco was shown to be in common use and not distinctive, defendant's use of a yellow tin label or tag circular in shape, and about an inch in diameter, but containing printed matter essentially different from that used on complainant's label, was insufficient to establish unfair competition.

2. SAME—TRADE-MARKS—PRIOR APPROPRIATION.

Where tin tags of all colors, including yellow, of various sizes, had been used by tobacco manufacturers for several years, and a yellow tag similar in appearance to that used by complainant had been in use, without complainant's objection, by another manufacturer for 10 years, the size and color of such tag was not of itself such a distinction as either complainant or defendant could appropriate as a trade-mark.

Appeal from the Circuit Court of the United States for the Eastern District of Virginia.

A. H. Burroughs and J. Parker, for appellant.

John Pickrell and John A. Coke, Jr., for appellee.

¶ 1. Unfair competition in trade, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.

Before GOFF, Circuit Judge, and MORRIS and PURNELL, District Judges.

MORRIS, District Judge. This is an appeal from a decree of the Circuit Court refusing to grant to the complainant an injunction against the defendant, restraining alleged unfair competition in trade by the defendant selling its plug smoking tobacco of its brand known as "Richmond Best Navy" in competition with complainant's plug smoking tobacco of the brand known as "Master Workman."

The complainant is the owner of the brand of plug tobacco, mostly used for smoking, and principally sold in New England, which was originated about the year 1884 by J. Wright & Co., the complainant's predecessor in title, and widely known as "Master Workman." The defendant in like manner is the owner of a brand of the same class of plug tobacco originated by Larus & Bro., its predecessors in title, about the year 1898, and known as "Richmond Best Navy." The gravamen of the complaint is that by reason of the use by the defendant of a tin tag of the same size and color as the complainant's tin tag, affixed to each section of the pound plug of tobacco of the same size and appearance as the complainant's, the defendant has put on the market a plug smoking tobacco which, by the similarity of the tin tag, in connection with the other similarities, produces confusion and deceives consumers, so that the defendant is unfairly and deceitfully palming its tobacco on unobservant purchasers who desire to get the complainant's tobacco, to the injury of complainant's business.

This class of tobacco is usually manufactured into plugs weighing about a pound, and in shape about twelve inches long by three inches broad and three-quarters of an inch thick. The complainant's plug is indented across at intervals of about two inches by indented lines, marking the plug into six pieces for convenience in cutting it up for the consumer. Each of these pieces is marked with the words "Master Workman" by indented letters impressed into the surface of the tobacco, and on the reverse side of each piece is indented the name of the original proprietors of the brand, "J. Wright & Co."

The defendant's pound plug is divided by indented lines into five pieces, each of which is in like manner indented with the words "Richmond Navy Best," and on the reverse side of each piece appears in raised letters the words "Richmond Navy Best." This method of putting up plug tobacco is shown to be in common use, and not distinctive. In addition to these marks upon each piece of the plug so marked off for convenience in cutting, there is affixed on the tobacco both of the complainant and the defendant a yellow tin label or tag, circular in shape and about one inch in diameter, and it is the use of this yellow tin tag which is the real substance of complainant's charge of unfair competition. The lettering, however, upon the respective tin tags is distinctively dissimilar. Upon the complainant's tag appears in black letters around its circumference the words "Master Workman," and across the diameter in red letters the word "Genuine." Upon the defendant's tag appears in black letters around the circumference the words "Richmond Navy," and across the diameter in very large red letters the word "Best." At the distance at which anything

at all can be read on these labels, the lettering is easily distinguishable the one from the other.

The charge of similarity rests upon the size of the circular tag, which is somewhat larger than the tag most customarily used for the purpose, and the yellow color, which was the color of the tag which complainant from the first adopted. It is shown, however, by the proofs, that tags of all colors, yellow included, are used on plug tobacco by manufacturers, and that their sizes vary. There was produced as an exhibit by the defendant a plug of smoking tobacco, of the same size and similar in appearance to that of both the complainant and defendant, manufactured and put on the market by the R. A. Patterson Tobacco Company, on which is affixed a yellow tag of just the same size as both that of the complainant and defendant, with the words "Honest Labor" in black letters around the circumference, and a picture of a workman's arm in red in the center. The proof is that this label has been in use for about 10 years. It may possibly be charged by the complainant that this, too, was a deceitful imitation of the complainant's tag, but if such a charge could be justly made, it is strange that during 10 years it never has been made. The depositions speak of two other brands similarly marked by the defendant as far back as 1881, viz., "Fairplay" and "Luxury." Tin tags and paper tags of a similar appearance, of various shapes, sizes, and colors, the witnesses say, have been in common use on plug tobacco for at least 20 years, and this is matter of common knowledge.

From an inspection of the exhibits, in connection with the weight of evidence, we think it clearly appears that the matters in which the defendant's plug of tobacco is similar to complainant's—that is to say, the size and shape of the plug, the indented marking to assist in cutting off the smaller piece, the use of the indented name of the manufacturer, the use of a yellow tag lettered with the name of the brand— are in common use, and in the present case the manufacturers' names are easily read, and are so dissimilar that there appears to us no ground for the contention that there is an unfair imitation likely to deceive.

As to actual deception, the proof is not at all convincing; the most that is established is that the plugs look alike, and, if the illiterate and inattentive purchaser was guided by the color and size of the circular tag alone, he might mistake one for the other, but that is quite true of almost all forms of manufactured tobacco. The answer of the defendant, sworn to by the originator of the "Richmond Best Navy" brand, swears that there was never any purpose or intention to imitate the complainant's "Master Workman" brand, or to attempt in any way to appropriate the trade of the complainant by creating any confusion as to their respective brands.

It is urged that the illiterate persons, such as those who mostly use this kind of smoking tobacco, look only at the color and size of the tag; but this is not good ground for relief, for we find from the proofs that the color and size of the yellow circular tags is not of itself a distinction which either manufacturer can appropriate.

We think the Circuit Court rightly decreed that the complainant is not entitled to relief, and the decree is affirmed.