# LONDON GUARANTEE & ACCIDENT COMPANY, LTD. v. BOARD OF EDUCATION OF CITY OF DULUTH.[1]

March 5, 1926.

No. 25,066.

**Mutual mistake in policy of insurance proved conclusively.**

1. A mutual mistake in a policy of compensation insurance is clearly established where both the insured and the agent soliciting the the insurance testify that it was to cover a summer repair work payroll only, and the agent writing the policy erroneously covers the insured's entire payroll, more than nine times as much as the one intended to be covered.

**Reformation of policy not defeated by failure of insured to read it.**

2. The failure of the insured or its clerk to read the policy, when received, is not such negligence that will defeat a reformation of the policy.

**Upon reformation of policy after its expiration, statutory rate may be applied to it.**

3. Where the rate, agreed upon at $1.06 per $100 payroll, is not warranted by the statute, the true legal rate may be established and applied to the reformed policy even after the policy has expired by lapse of time.

Insurance, 32 C. J. pp. 1141 n. 6; 1142 n. 13 New, 31.
Reformation of Instruments, 34 Cyc. p. 984 n. 34.

Action in the district court for St. Louis county to recover additional premium upon a compensation policy. The case was tried before Grannis, J., who found that the policy should be reformed in certain respects. Plaintiff appealed from an order denying its motion for a new trial. Remanded.

*Middaugh & Smythe*, for appellant.
*George H. Spear*, for respondent.

[1] Reported in 207 N. W. 634.

QUINN, J.

Action to recover $2,459 as additional premium on a compensation insurance policy, written by the plaintiff for the defendant June 11, 1921. Defendant pleaded a mistake in the policy and asked for its reformation. The cause was tried to the court, findings were made as to the reforming of the contract in favor of the defendant and that as reformed there was due the plaintiff a balance of $201.07 on the premium with interest from June 11, and ordered judgment accordingly with costs and disbursements in favor of plaintiff. From an order denying its motion for a new trial, plaintiff appealed.

The plaintiff was and is a foreign corporation, lawfully engaged in the insurance business in this state. Fred L. Gray Company was its northwestern agent for drafting policies of the kind in question. Prindle-Jones Company, of which W. H. Jones was vice-president and general manager, was its local agent at Duluth with authority to countersign and deliver policies and collect the premiums thereon. Jones solicited the insurance in question. The defendant is a municipal corporation, engaged in administering the public school system of the city of Duluth.

The school board had, for a number of years, maintained a summer repair crew for making repairs in connection with the school properties. This crew included casual employes and also others who were regular employes during the school year, but who were treated as casual employes while engaged in summer repair work. All such employes were paid on an hourly basis. The school year commenced in September and ended in June. There was a certain amount of repair work throughout the year, for the doing of which casual employes were hired.

The board had never carried compensation and liability insurance and was unfamiliar with that kind of insurance. It conceived the idea of carrying some such insurance for the employes engaged in summer repair work, and accordingly set about obtaining an estimate of the repair crew payroll and the rate of premium thereon. In so doing, Mr. Jones of the Prindle-Jones Company was consulted. He was familiar with the school property as well as with the sum-

mer repair work. He suggested the rate of $1.06 per $100 of the payroll and offered to furnish the insurance at that rate. The payroll was estimated at $20,000 and the board directed Jones to obtain the insurance for it, which he did as the agent of the plaintiff, through the Prindle-Jones Company agency, the Fred L. Gray Company writing the policy.

Jones testified that he received the estimate of compensation for the repair work from the school board; that he received the final request for the insurance over the phone; that he communicated the same to Mr. Compton, who was in charge of the casualty department of Prindle-Jones Company, and told him that the school board wanted to protect its casual employes only and that the policy should be written along that line; that it was his understanding and intention to furnish the board with a policy limited to casual employes on the repair crew and not otherwise.

Mr. Compton testified that, when he received the order from Mr. Jones, he, as was the custom in that kind of insurance, prepared an application and sent it to the Fred L. Gray Company at Minneapolis who wrote the policy which he subsequently received; that, when he prepared the application, he wrote into it "all employes excepting teachers, professors, principals" and "to also cover carpenters, painters, etc., employed direct during the year for redecorating and repairing schoolrooms for next term," and "20,000." The words in the second quotation were omitted by the draftsman of the policy as he considered the words in the first quotation covered all employes except teachers.

The finding as to the agreement between the plaintiff's agent, who solicited the insurance and directed the issuance of the policy, and the defendant is clear and fully supported by the evidence in the case. The finding is that the agreement was that the insurance was to cover the repair work only. The payroll for such work, for the period covered by the policy, amounted to $25,500. The policy, as written, covered all employes, excepting teachers, and the payroll amounted to $232,000. But the appellant claims that, because the defendant failed to immediately return the policy, it is estopped to now complain. We do not so view the situation.

The policy was written June 11, 1921, and sent to plaintiff's local agency at Duluth where it was held until late in September after much of the summer repair work had been completed. A statement was then sent by the agency to the defendant for $112 advance premium. Defendant asked for the policy, which was sent it, and the advance premium was remitted. When the school-district clerk received the policy, he checked it as to the premium and placed the policy away, without reading the same, presuming that the same was in accordance with the agreement of the parties. It is of no consequence at this time that the clerk did not read the policy when he received it. An insured has the right to rely on the presumption that the policy received is in accordance with the agreement for insurance and the failure to read it will not relieve the insurer nor prevent a reformation of the policy so as to comply with the intent and agreement of the parties at the time of contracting for the insurance. Hay v. Star F. Ins. Co. 77 N. Y. 235, 33 Am. Rep. 607; Carlton Lbr. Co. v. Lumber Ins. Co. 81 Ore. 396, 158 Pac. 807, 159 Pac. 969; McElroy v. British Am. Ass. Co. 36 C. C. A. 615, 94 F. 990; German Am. Ins. Co. v. Darrin, 80 Kan. 578, 103 Pac. 87; George H. Fitchner & Co. v. Fidelity M. F. Assn. 103 Iowa, 276, 72 N. W. 530; Salmon v. Farm P. M. Ins. Assn. 168 Iowa, 521, 150 N. W. 680; Farwell v. Home Ins. Co. 66 C. C. A. 557, 136 F. 93; Barnes v. Hekla F. Ins. Co. 75 Iowa, 11, 39 N. W. 122, 9 Am. Rep. 450.

We find some trouble, however, with the rate of premium applied. We find no specified or authorized rate which applies to a crew of employes such as here under consideration. The insurance bureau has promulgated none nor do we understand how it well could. There may have been day-laborers, carpenters, cement workers, engineers, decorators, painters, etc., each class working under different circumstances. We are satisfied that neither the rate of $1.06 per $100 payroll, nor the jobbing rate of $5.41 is the correct rate to be applied in the instant case.

G. S. 1923, § 4288, in part provides that every employer, except the state and municipal subdivisions thereof, liable under this act

to pay compensation, shall insure payment of such compensation with some insurance carrier authorized to insure such liability, etc. Under this statute, the defendant, being a municipal subdivision of the state, might legally insure a part of its liability for compensation without covering all of its employes as is required of other corporations.

The repair work payroll from June 11, 1921, to June 11, 1922, amounted to $25,500. Assuming that the policy was in error as to the employes covered, then, to arrive at the true rate which the insured should pay under the circumstances, with the policy reformed as to the coverage, the $25,500 payroll should be analyzed as to what work was actually done. This may be accomplished by an inspector of the rating bureau who should allocate the $25,500 to the classifications under which the work was actually done and apply the rates effective on those classifications which were in effect at the time the work was done, and such rates as were approved by the compensation insurance board in harmony with the provisions of G. S. 1923, § 3628. Such classifications, so arrived at, would furnish the basis upon which to determine the true amount which the insured should pay, under the statute, which provides that the insurer shall not discriminate unfairly between risks and that rates should be uniform. G. S. 1923, §§ 3630-3632. The contract rate must yield to the legal rate.

The policy, being reformed so that the coverage is limited to the repair work payroll and the amount of such payroll having been fixed at $25,500, nothing remains for determination except the premium rates which should be in accordance with the foregoing suggestions. For this purpose, a further trial should be had and, to that end only, a new trial is granted.

Remanded.

HOLT, J. (dissenting).

I have been unable to find in the proof any legal rate for repairers such as the district employed, and in the absence of such proof it seems to me the trial court was justified in finding the rate which the parties agreed was applicable. I therefore dissent.