NORTH ENGLISH SAVINGS BANK, Appellant, v. J. F. WEBBER, Appellee.

**VENUE:** Residence of Defendant—Dismissal in Lieu of Change of
1    **Venue.** An action brought against a defendant in a county other than that of his residence, on service on a person who is not the defendant's agent, is properly dismissed, on special appearance by the defendant. Plaintiff has no right to demand that such attempted action be transferred to the county of defendant's residence.

**APPEARANCE:** Special Appearance—Scope of Motion and Hearing—
2    **Effect.** A special appearance to question the jurisdiction of the court on the ground that the defendant had been sued in a county other than that of his residence, and on service on a non-agent of the defendant's, is not rendered a general appearance (1) by a motion to quash the return of service of the notice and to dismiss the action, or (2) by the introduction of relevant testimony at the hearing on said motion.

Headnote 1:   4 C. J. p. 1325; 32 Cyc. p. 466; 40 Cyc. p. 118 (Anno.).
Headnote 2:   4 C. J. pp. 1316, 1319, 1340.

*Appeal from Iowa District Court.*—R. G. POPHAM, Judge.

NOVEMBER 22, 1927.

Action to recover for money claimed by plaintiff to have been advanced to the defendant through an agent. The action was brought in Iowa County, Iowa. The defendant entered a special appearance, and moved to quash the service of original notice and dismiss the action, on the ground that he was a resident of Wapello County, and that the party upon whom the original notice was served was not his agent. The court sustained the motion, and quashed the service of notice, and dismissed the action for want of jurisdiction. The plaintiff appeals. —*Affirmed.*

*Swift & Swift,* for appellant.

*Hatter & Harned,* for appellee.

FAVILLE, J.—I.   The appellee is the owner of a farm in Iowa

County, this state. The farm was occupied by one Ooley. The original notice in this action was served only upon Ooley, in Iowa County. Appellant's contention is that it advanced certain money to Ooley, as agent of the appellee, for the latter's use and benefit, and it seeks judgment therefor. Appellee filed a special appearance in said action, which recites that the appearance is "specially, and for the sole purpose of attacking the jurisdiction of the court herein." Said special appearance alleged that the appellee for more than ten years had been a resident of Wapello County, and that he never had a residence in Iowa County, and that he had not been served with the original notice in said action, and that he never had any office or agent in Iowa County. A resistance was filed, and, under order of court, evidence was taken in regard to the question of whether or not Ooley was the agent of the appellee. The court sustained the appellee's contention in this regard. The evidence in the case very satisfactorily establishes that the service was had upon a party who was not the agent of the appellee, and that no jurisdiction was acquired of the appellee by the service of said original notice.

II. It is argued that, even if the service of the original notice was upon one who was not the agent of the appellee, the special appearance of the appellee did not give the court authority to dismiss the action, but that the sole remedy of the appellee was to have said cause transferred to the proper county. The argument at this point is that the court had jurisdiction of the subject-matter, to wit, an action to recover for money had and received, and that, the appellee being a resident of the state of Iowa, even under a special appearance his sole right was to obtain a transfer of the cause of action to the county of his residence.

1. VENUE: residence of defendant: dismissal in lieu of change of venue.

Section 11038, Code of 1924, is as follows:

"Except as hereinafter provided, an action against a resident of this state must be brought in the county of his residence, or that in which the contract was to be performed, except that, if an action be duly brought against such defendant in any other county by virtue of any of the provisions of this chapter, then such action may, if legal cause for an attachment exist, be aided by attachment."

Section 11053 is as follows:

"If an action is brought in a wrong county, it may there be prosecuted to a termination, unless the defendant, before answer, demands a change of place of trial to the proper county, in which case the court shall order the same at the cost of the plaintiff, and may award the defendant a reasonable compensation for his trouble and expense in attending at the wrong county."

Section 11053, however, has no application to such a situation as we have in this case. The appellee was not served with original notice at all. When it appeared that the only attempted service of original notice was upon one who was not the agent of the appellee, and that service was quashed, the appellant was left without anything in the way of the service of an original notice. It is not a case where a party has been served in the wrong county, and where his remedy, under Section 11053, is for a change of venue to the county of his residence. In this case there was no service whatever. Therefore, it was not incumbent upon the appellee to move to transfer the case to the proper county. There was nothing left but the "empty shell" of a filed petition, with no one to respond thereto in any way.

III. The appellant contends that the appearance of the appellee was more than a special appearance, because the appellee not only moved the court to quash the return of the original notice, but in his motion also asked the court to dismiss the action for want of jurisdiction. The "special appearance and motion for dismissal" was based wholly on the one proposition of the service of the original notice. In this kind of a case, the filing of the petition was not the commencement of an action. Such an action must be commenced by the service of an original notice. Section 11055, Code of 1924. There was no valid service of an original notice in this cause. Therefore the quashing of the service left the appellant in a situation where it had not commenced an action as provided by statute, Section 11055. Strictly and literally speaking, there was no "action" to dismiss, when the original notice was quashed. The appellee presented no contention except the one that the court had no jurisdiction because no original notice had been served which conferred any jurisdiction over the appellee. He asked the court to quash the service of said original notice and dismiss the action

2. APPEARANCE: special appearance: scope of motion and hearing: effect.

for want of jurisdiction. Under the circumstances, these requests amounted to the same thing. The quashing of the original notice left no action pending, and nothing upon which jurisdiction could operate. The prayer of the special plea was in the usual and ordinary form in practice in such cases in this state, and the order of the court was likewise in the usual form. The appellee, by special appearance which raised the sole question of the service of the original notice, cannot be held to have entered a general appearance merely because he asked not only that the service of the original notice be quashed, but that the "action be dismissed." The appearance was strictly special, and limited to the one question of the sufficiency of the service of the original notice to confer jurisdiction. There was no general appearance by virtue of the pleading filed.

IV. The appellant contends that there was a general appearance in behalf of the appellee because of the fact that a hearing was had upon the motion to quash and resistance thereto, and that evidence was offered by the appellant of matters extraneous to the question so presented. There was no attempt by the appellee to offer any evidence that would affect the merits of the appellant's claim, except as it was incidental to and bore upon the question presented by the special appearance and motion to quash. We find nothing in the record by which the appellee in any way could be held as having entered a general appearance or submitted himself to the jurisdiction of the court. The proceeding was one expressly authorized by statute for the very purpose of testing the jurisdiction of the court. The order of the trial court was correct, and it is—*Affirmed.*

EVANS, C. J., and STEVENS, KINDIG, and WAGNER, JJ., concur.