A. H. PICKFORD, Appellant, v. NORVIN E. SMITH et al., Appellees.

No. 41239.

MARCH 15, 1932.

OPINION ON REHEARING MARCH 14, 1933.

John McLennan and Lee, Steinberg & Walsh, for appellant.

Stipp, Perry, Bannister & Starzinger, for appellees.

 STEVENS, J.—Appellant originally commenced an action at law for the recovery of specific personal property. The property sought to be recovered was three promissory notes, one of which has been eliminated by the parties and is not involved on this appeal. The ground upon which recovery of the notes was sought was fraud in their inception, want and failure of consideration. Issue was joined on the original petition. After the cause had been assigned for trial but before the trial was commenced, appellant filed an amended and substituted petition setting up fraud in the inception of the notes, the want and failure of consideration, and other matters pleaded in the original petition, and prayed a decree rescinding and canceling the notes and restraining the appellee from disposing thereof. On the day following the filing of the substituted petition, appellant moved the court to transfer the cause from law to equity for trial. Thereupon, appellee moved that the substituted petition be stricken upon the ground that it was filed too late. Both appellee's motion to strike and appellant's motion to transfer the cause to equity were overruled. The motion to strike the substituted petition was sustained, however, as to a portion of the allegations not material at this point.

The question presented for decision is somewhat novel in character. Based upon numerous decisions of this court that the allegations of defensive matter in a law action, although cognizable in equity, do not necessarily give the party pleading the same the right to have the same transferred to equity, Smith v. Griswold, 95 Iowa 684, 64 N. W. 624; that fraud in the procurement of a promissory note, if proven, constitutes a good defense to an action at law, Central State Bank v. People's State Bank, 196 Iowa 43, 194 N. W. 233; that the defense of mistake in the execution of a promissory note may be set up as a defense in a law action, Biermann v. Life Insurance Co., 142 Iowa 341, 120 N. W. 963; that, likewise, the de-

fense of a failure or want of consideration is available as a defense in a law action, City Deposit Bank v. Green, 138 Iowa 156, 115 N. W. 893—it is contended by appellee that all of the issues tendered in both the original and substituted petitions are triable at law and that, therefore, no equitable issue requiring transfer of the cause to equity is presented by the substituted petition. The situation presented is not the same as that involved in the cited cases. It must be observed that the present action was not commenced by the holder against the maker of the notes to recover thereon, but by the maker against the holder to recover possession thereof. Although appellant is seeking to avoid liability upon the notes, his relation to the cause of action is that of plaintiff and not of a defendant. It is also perhaps true that, if appellant is in possession of the available proof to establish the alleged invalidity of the notes because of fraud in their inception or a want or failure of consideration, rescission and cancellation thereof by decree in equity would be quite unnecessary. Appellant has obtained possession of the notes in the replevin action and, we gather from the argument of counsel, retains the same. The practical effect, therefore, of a finding of a jury in favor of the appellant upon the trial of the law action would, under the facts and circumstances of this case, be in all respects the equivalent of a decree in equity of cancellation. But, is this fact determinative of the right of appellant to have the cause transferred to equity for trial? In the first place, the substituted petition superseded all prior pleadings filed by him. Smith v. Bricker, 86 Iowa 285, 53 N. W. 250.

The substituted petition states a cause of action in equity. The prayer asks for the rescission and cancellation of the notes. Jurisdiction to grant this relief is in equity and not at law. The only objection shown by the record to have been urged by appellee against the motion to transfer was that the substituted petition was filed too late. At least, as stated, this is the principal ground of the motion to strike. The overruling of the motion to strike left appellant with a substituted petition setting up a cause of action in equity as his only available pleading. No cause of action at law is pleaded therein. No appeal has been taken from the overruling of the motion to strike.

The proof of fraud which would sustain an action at law for recovery of the notes would, of course, be sufficient to establish a like issue in equity; but proof of fraud in the alleged representations of appellee relied upon in part to constitute the fraud charged

may be established in equity without proof of scienter. That is, there is a difference in the quantum of proof required. The absence in equity of the requirement at law that scienter be established where false and fraudulent representations of the adverse party are relied upon may be of the gravest importance to the party tendering this issue. The petition is not, therefore, without equity. The relief sought, in part, is cognizable solely in that forum.

 The commencement of an action at law to recover the notes does not constitute the election of a remedy which will preclude the subsequent filing of a substituted petition presenting a cause of action in equity. Barnes v. Hekla Fire Ins. Co., 75 Iowa 11, 39 N. W. 122, 9 Am. St. Rep. 450; Cox Shoe Co. v. Adams, 105 Iowa 402, 75 N. W. 316; Rohrbach v. Hammill, 162 Iowa 131, 143 N. W. 872.

The right of the plaintiff in certain cases where error has been made in the forum to have the cause transferred to the proper forum is statutory. Section 10945, Code 1931.

The motion to transfer was filed before the appellee had answered the substituted petition. It is no doubt true that in cases commenced at law, in which the defendant may plead equitable issues which, if established, would entitle such defendant to the verdict of a jury, he may not, as a matter of right, have the cause, on motion, transferred to equity because of the presence of such issues. Such is not the situation presented by the pleading in this case. The substituted petition not only stated a cause of action in equity, but the relief of rescission and cancellation of the notes prayed therein is cognizable solely in that forum.

We reach the conclusion that the motion to transfer the issues tendered by the substituted petition to equity for trial should have been sustained.—Reversed.

KINDIG, C. J., and KINTZINGER, ANDERSON, and ALBERT, JJ., concur.