DONALD C. SHIELDS, appellant, v. ARTHUR A. HEINOLD, appellee.

No. 50523.

APRIL 3, 1962.

Pappas & Senneff, of Mason City, for appellant.

Westfall, Laird & Burington, of Mason City, for appellee.

SNELL, J.—This is an appeal from a ruling sustaining a special appearance attacking the jurisdiction of the court.

On February 5, 1960, plaintiff filed his petition seeking damages from Arthur *A.* Heinold for an alleged assault committed on April 10, 1959, in Mason City. On April 7, 1961, an original notice addressed to Arthur *H.* Heinold, with copy of petition attached, was served on Arthur *H.* Heinold by delivering a copy "to Mrs. Arthur Heinold, she being the wife of said defendant." The sheriff's return of service shows the service made on the same day the notice was received for service. The lapse of time between the filing of the petition and attempted service of notice is not explained. Mrs. Arthur Heinold, to whom the original notice was delivered, is the wife of Arthur *Duane* Heinold, also known as Arthur *D.* Heinold. The emphasis above is ours.

On April 18, 1961, Arthur Duane Heinold filed special appearance, urging that he is not the defendant to whom the original notice is addressed. In the special appearance it is alleged that there is an Arthur *A.* Heinold (the defendant

named in the petition) and an R. Arthur Heinold residing in Mason City.

From the fact that it was Arthur Duane Heinold who took the precaution of filing a special appearance, we might suspect that he was the Arthur Heinold involved in the altercation leading to this action, but there is absolutely nothing in the record before us to so indicate. Arthur Duane Heinold undoubtedly knows whether or not he was involved, but with one name used in the petition, another in the original notice and a third in the special appearance, we have no means of knowing.

The trial court sustained the special appearance on the ground that substituted service of notice in which the middle initial is not that of the defendant does not constitute valid service sufficient to give the court jurisdiction over the party so incorrectly named.

Variations in names and errors in, omissions and additions of middle names and initials have, over the years, produced a flood of litigation. There is abundant authority for general rules with distinctions based on varying factual situations. The general rule is stated in 42 Am. Jur., Process, section 99, as follows: "The middle initial is no part of a person's name, according to the weight of authority, and, therefore, no importance attaches to its omission, or to the insertion of an erroneous initial in place of the correct one. * * * Some cases repudiate the above doctrine and hold that a mistake in a middle initial is fatal."

Where there is a variation in the spelling of a name, courts frequently resort to the expression or doctrine of "idem sonans" and hold the designation of the person sufficient. Where, however, the record of a judgment entered on a notice of this kind presents not a mere discrepancy or variation in the spelling of a defendant's name, but the use of a name other than and different from that borne by the person against whom such judgment is sought to be enforced, the rule of idem sonans is not applicable, and the adjudication is of no validity against such person. 42 Am. Jur., Process, section 98.

The manner or type of service of notice is important. In Fanning v. Krapfl, 61 Iowa 417, 14 N.W. 727, notice was by publication. Transposition of initials was held fatal. The iden-

tity of the defendant could not be determined from what was before the court. Later, on a second appeal, 68 Iowa 244, 247, 26 N. W. 133, 134, after the identity of the defendant had been established, the court held that there was jurisdiction, but the holding in the first appeal was not overruled. The court said:

■ "The notice should describe the party to whom it is directed with such certainty as that neither he, nor other persons acquainted with or knowing him, could reasonably be misled by it as to the person for whom it was intended; * * *." In Thornily v. Prentice, 121 Iowa 89, 96 N.W. 728, 100 Am. St. Rep. 317, it was held where service of notice was by substitution and named the defendant as "W. M. Thornily", and judgment was rendered against "William M. Thornily" while the correct name was "Willis H. Thornily", the rule of idem sonans was not applicable and the judgment was void. In Riley v. Litchfield, 168 Iowa 187, 150 N.W. 81, Ann. Cas. 1917B 172, a case involving a liquor petition, and Collins v. Board of Supervisors of Pottawattamie County, 158 Iowa 322, 138 N.W. 1095, a case involving drainage proceedings, it was held that the middle member is no part of a person's name, but in those cases the true defendant was identifiable.

■ Where the real defendant is identifiable from the record before the court, or where it appears that the real defendant has actually been personally served, some variation in the name or error in an initial is not fatal. Such is not the situation in the case before us. We do not have a case of one name with a slight error with means of identification before us. Here we have three different names with sufficient variation to indicate three different people. The record shows that there is an Arthur A. Heinold, named in the petition, living in Mason City. He is not the person filing special appearance. There is nothing to identify Arthur *Duane* Heinold as the real defendant. There is nothing upon which we can base a holding that he, rather than Arthur A. Heinold, is the real defendant.

■ Rule 50, Rules of Civil Procedure, sets forth the required contents of an original notice. The rule says: "The original notice shall be directed to the defendant, * * *. * * *. A copy of the petition may be attached; * * *."

In order to be sufficient a notice must show, among other things, who is claiming what and from whom. A notice failing in an essential element is void.

The author's comment appearing in Cook's "Iowa Rules Civil Procedure", Volume I, page 314, is:

"The requirements of this Rule—indeed of this whole Division—are jurisdictional. Perhaps nowhere (except in notices of appeal) is failure to comply fully and literally with a Rule so disastrous as under this Division. It deals with how the court gets jurisdiction.

"The courts cannot relax these Rules, because they have no jurisdiction to exercise any discretion, or do any act, until they acquire it in the manner here specified. * * *."

■■■ In the instant case neither Arthur *A.* Heinold, Arthur *H.* Heinold nor Arthur *Duane* Heinold was personally served with notice. The return of service shows Arthur *H.* Heinold was served "by delivering a true and correct copy thereof to Mrs. Arthur Heinold, she being the wife of said defendant." The record and the fact that Arthur Duane Heinold specially appeared would indicate that Mrs. Arthur Heinold, to whom the notice was delivered, is the wife of Arthur Duane Heinold. From this, plaintiff argues that the service is the highest type of substituted service; that the defendant has actual knowledge of all material matters and has not been misled. If an indication of actual knowledge can be substituted for the requirements of the rules, the provisions for special appearances would be nullified.

In a recent case, Esterdahl v. Wilson, 252 Iowa 1199, 1206, 110 N.W.2d 241, 244, we said: "* * * It will not do to say it is sufficient if it appears he did in fact acquire notice of the action, although by some other method. This argument would support a notice by ordinary mail, or by telegram, or word of mouth, or by reading of the suit in a newspaper. Jurisdiction must be acquired in the manner prescribed by law." Again in Summerlott v. Goodyear Tire & Rubber Co., 253 Iowa 121, 128, 129, 111 N.W.2d 251, 254, we held an error in stating where defendant was to appear was fatal. We said: "Plaintiff argues that because defendants filed their special appearances in the District Court of Jasper County the notice served its

purpose and should not be held fatally defective. * * * The effect of such a rule would be to nullify in part rules 66 and 104(a) which permit a special appearance for the sole purpose of attacking the jurisdiction of the court for 'insufficiency of the original notice, * * *.' "

In the case before us the original notice with petition attached was not sufficient to give the court jurisdiction. The special appearance was properly sustained. This is not a proper case for remand. The case is—Affirmed.

All JUSTICES concur.