William E. COONEY, Plaintiff,

v.

MILWAUKEE RAILROAD COMPANY, a Corporation, Defendant.

Civ. No. 2-530.

United States District Court

S. D. Iowa, W. D.

Jan. 30, 1964.

Hess, Peters & Sulhoff, Council Bluffs, Iowa, Jerome Grossman, Omaha, Neb., for plaintiff.

H. R. Duncan, John N. Hughes, Des Moines, Iowa, Smith, Peterson, Beckman & Willson, Council Bluffs, Iowa, for defendant.

HANSON, District Judge.

This action arose out of an auto-train collision in the city of Council Bluffs, Iowa. The defendant railroad removed the action from the State Court to the United States District Court for the Southern District of Iowa. The defendant railroad after removing the action entered a special appearance praying that the service of original notice be quashed. The reason the defendant claims the service of original notice should be quashed is that the caption designated the defendant as "Milwaukee Railroad Company, a Corporation" and that the notice stated that it was directed to the above named defendant or defendants, and that it was not directed to the "Chicago, Milwaukee, St. Paul and Pacific Railroad Company" which is the correct name of the railroad company.

There is no question in this case but that the plaintiff intended to and actually did serve the Chicago, Milwaukee, St. Paul and Pacific Railroad Company. It is also clear that this railroad is commonly known as the Milwaukee Railroad Company, and that it is the only railroad in Iowa by that name.

The court in Shields v. Heinold, 253 Iowa 898, 114 N.W.2d 302, clearly stated although in dicta that where the real defendant is identifiable from the record, or it appears that the real defendant has actually been personally served, some variation in name or error is not fatal. That court did hold that there was a fatal error where the wrong middle initial was given and under the facts it was misleading because of other persons with a similar name. In D'Autremont v. Anderson Iron Co., 104 Minn. 165, 116 N.W. 357, 17 L.R.A.,N.S., 236, the court said failure to insert the middle initial might not be fatal but putting in the wrong one is. This case and Plano Mfg. Co. v. Kaufert, 86 Minn. 13, 89 N.W. 1124, show that that jurisdiction accepts the Iowa court's dicta in Shields v. Heinold, supra. In Parkhurst v. White, Iowa, 118 N.W.2d 47, the Iowa court did make it clear that prejudice is not always the test in determining the validity of the service. Certain requirements are absolute, but the court was careful to say that mere irregularities in a notice will be examined to see whether the defend-

ants have been prejudiced before validity is decided. The defendant cites Sweeney v. Greenwood Index-Journal Co., D.C., 37 F.Supp. 484. In that case, the summons designated the defendant as "The Greenwood Index-Journal Co., Inc." The true name of the defendant there was The Index-Journal Company. There the court said that was a defect of substantial substance and quashed the service. That decision has been criticized in 2 Moore, Section 4.44 p. 1041. Moore states that the test should be:

> "The test should be whether, on the basis of an objective standard, it is reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person."

This is substantially the same test as the Iowa court set out in Shields v. Heinold, supra.

In Maloney v. Iowa-Illinois Gas & Electric Co., D.C., 88 F.Supp. 686, Judge Switzer would not follow the Sweeney case.

In United States v. A. H. Fischer Lumber Co., 162 F.2d 872 (4th Cir.), the court stated:

> "[C]ourts should not put themselves in the position of failing to recognize what is apparent to everyone else. As said in 14 C.J. 325, 'As a general rule the misnomer of a corporation in a notice, summons, notice by publication, garnishment, citation, writ of certiorari, or other step in a judicial proceeding is immaterial if it appears that it could not have been, or was not, misled.' See, also, 18 C.J.S. Corporations § 172."

In Bowles v. Marx Hide & Tallow Co., D.C., 4 F.R.D. 297, the action was filed against "Marx Hide and Tallow Company, a corporation, Louisville, Kentucky." The intended defendant was actually known as "Marx Hide and Tallow Company composed of Sol W. Marx, M. F. Marx and F. L. Marx." The court allowed this to be corrected as a misnomer. In Grandey v. Pacific Indemnity Company, 217 F.2d 27 (5th Cir.), the complaint incorrectly named the defendant as "Pacific Indemnity Insurance Company" and incorrectly described it as incorporated in Massachusetts. The name was actually the "Pacific Indemnity Company" and a California corporation. The District Court dismissed the action against the Pacific Indemnity Company. The Court of Appeals reversed. The court stated that the defendant was not misled and was the intended defendant. The same reasoning is found in Jackson v. Duke, 259 F.2d 3 (5th Cir.).

The courts do emphasize that where defendant as mistakenly shown by the summons does not exist, it is a reason for saying that the defendant actually served was the one intended to be served and that there was no prejudice. Grandey v. Pacific Indemnity Company, supra; United States v. A. H. Fischer Lumber Co., supra.

This court concludes that the Supreme Court of Iowa would consider the mistake in this case to be an irregularity which is not fatal where the facts such as they are in this case show that the defendant, Chicago, Milwaukee, St. Paul and Pacific Railroad Company, was the intended defendant, and was actually served and never was prejudiced by the misnomer in the service.

A number of courts have allowed process to be amended after the statute of limitations has run to completely change the name of the defendant as that name is shown in the complaint. This has happened in cases where a subsidiary was named in the process but the plaintiff intended to serve the parent corporation or where a dissolved corporation was sued and the plaintiff had intended to sue the successor corporation. Hirsch v. Bruchhausen, 284 F.2d 783 (2nd Cir.); Longsdorf v. Pennsylvania Greyhound Lines, Inc., D.C., 148 F.Supp. 476; Taormina Corporation v. Escobedo,

254 F.2d 171 (5th Cir.). These cases further show the error in nomenclator to be an irregularity which is not fatal where the defendant was actually before the court and actually served and was not prejudiced.

It is, therefore, hereby ordered that the defendant's motion to quash service of process is denied.