MIKE SANDLER, appellee, v. HARRY POMERANTZ and MIDWEST BAG CO., appellants.

No. 51280.

(Reported in 131 N.W.2d 814)

164

December 15, 1964.

Gamble, Read, Riepe, Martin & Webster, of Des Moines, for appellants.

Lappen & Kramer, of Des Moines, for appellee.

Thornton, J.—The question presented is the timeliness of the filing of defendants' motions for a new trial and for judgment notwithstanding the verdict.

This was a law action tried to a jury. The jury returned a verdict for plaintiff against defendants on May 15, 1963, and on the same day the trial court granted the parties thirty (30) days from that date, May 15, 1963, to file motions. Plaintiff's counsel desired to prepare a judgment entry rather than have the judgment entered by the clerk. The clerk was so advised by the trial court and the prepared judgment entry was signed by the court and filed May 16, 1963. Defendants filed their motions for a new trial and for judgment notwithstanding the verdict on June 18, 1963. On June 26, 1963, plaintiff filed his motion to strike defendants' motions as not timely.

Plaintiff moves to dismiss here urging we are without jurisdiction because a notice of appeal was not filed in accordance with rule 335, Rules of Civil Procedure, and cross-appeals urging it was error not to sustain his motion to strike. Both, of course, raise the question of the timeliness of defendants' motions.

Rule 247, Rules of Civil Procedure, provides that a motion for judgment notwithstanding the verdict (rule 243) and for a new trial (rule 244) must be filed within ten days after the verdict, report or decision is filed unless the court, for good cause shown and not ex parte, grants an additional time not to exceed thirty days.

Rule 335, Rules of Civil Procedure, in pertinent part, provides: "Appeals to the supreme court must be taken within, and not after, thirty days from the entry of the order, judgment or decree, unless a motion for new trial or for judgment notwithstanding the verdict is filed as provided in rule 247, * * *."

Rule 335 is mandatory and jurisdictional. 4 Cook, Iowa Rules, Revised Ed., page 140; Neff v. Iowa State Highway Commission, 253 Iowa 98, 102, 111 N.W.2d 293.

The trial court considered plaintiff's motion to strike but did not rule on it, stating it had overruled defendants' motions and did not believe it necessary to make a formal ruling. The trial court, in considering the motion to strike, did state:

"The net result of this is that the Court does not believe that there has been any waiver either by counsel or by the Court, and the case insofar as the plaintiff's motion to strike is con-

cerned must be disposed of on the basis of the facts when defendants filed their motions on June 18, 1963."

Defendants do not contend their motions were timely. They urge a doubt exists in the minds of the bench and bar because of a conflict existing between earlier cases and Agans ·v. General Mills, Inc., 242 Iowa 978, 48 N.W.2d 242, decided in 1951. Exactly what the doubt is, is not clear. We think a waiver of timely filing of the motions for a new trial and judgment notwithstanding the verdict appears in the Agans opinion.

In the Agans opinion it does appear the verdict and judgment were entered on May 19, 1950. Defendants were granted additional time to file motions under rules 243 and 244, Rules of Civil Procedure, with plaintiff's consent. On June 20, 1950, defendants filed their motions for judgment notwithstanding the verdict and for a new trial, and a request the court sign a bill of exceptions provided for by rule 241, Rules of Civil Procedure. The trial court signed the bill of exceptions and considered it as did this court. The opinion at page 983 of 242 Iowa, page 245 of 48 N.W.2d, states plaintiff filed resistance to· the bill of exceptions on the grounds there was no record of the alleged misconduct and the bill of exceptions is not contemplated by rule 243 or 244, not that the motions for a judgment notwithstanding the verdict or for a new trial were not timely. The opinion further points out at page 984 of 242 Iowa, page 246 of 48 N.W.2d, that there is grave doubt the extension of time granted included time for settling a bill of exceptions under rule 241. The opinion does show appellees did not object in the trial court to the late filing of motions under rules 243 and 244 or to the order extending time. Such failure constitutes a waiver.

Thompson v. Butler, 223 Iowa 1085, 1090, 1091, 274 N.W. 110, 112, decided prior to the Rules of Civil Procedure, states:

"It is well settled that a motion for new trial and exceptions to instructions not filed within the five-day period or within the time fixed by the court are fatally late and will not be considered on appeal. Selby v. McDonald, 219 Iowa 823, 259 N.W. 485; Lein v. John Morrell & Co., 207 Iowa 1271, 224 N.W. 576; Pyle v. Herring, 185 Iowa 646, 164 N.W. 173.

"It is equally well established that the belated filing of a

motion for new trial or exceptions to instructions may be waived and the matters heard on their merits. Home Savings Bank v. Klise, 205 Iowa 1103, 216 N.W. 109; Heflen v. Brown, 208 Iowa 325, 223 N.W. 763.

"The order sustaining the motion for new trial recites that there was a hearing and gave defendants an exception. No objection to the timeliness of the filing of the motion and exceptions to the instructions was made by defendant. * * * the defendant did appear at the hearing and that there was a hearing on the merits. We hold that the defendant waived the belated filing of the motion and exceptions to instructions."

Since the adoption of the Rules of Civil Procedure we held in Dunham v. Des Moines Railway Co., 240 Iowa 421, 429, 35 N.W.2d 578, failure to raise the questions of the timely filing of a motion for a new trial or the invalidity of an ex parte order in violation of rule 247 waived the irregularity of the ex parte order.

In McQueen v. Garrett, 255 Iowa 761, 763, 124 N.W.2d 166, 167, we held a motion to extend time and for a new trial was not timely, and was properly overruled where the ruling appealed from was entered December 27, 1962, and such motion was not filed until January 21, 1963.

In addition to urging us to rule on the merits as was done in the Agans case, supra, defendants also urge plaintiff waived the late filing of the motion by not moving to strike it within seven days. Defendants' motion was filed June 18, 1963, plaintiff moved to strike it June 26, 1963. There is no rule requiring a party to move to strike or otherwise resist motions under rules 243 and 244 within any specified time. Such motions may be resisted and the timeliness questioned at the hearing on the motions. See Dunham v. Des Moines Railway Co. and Thompson v. Butler, both supra. Nor do we consider the fact plaintiff failed to plead over for one year as to a portion of his claim constitutes a waiver of subsequent timeliness by defendants. If we held such to be a waiver some cases would last forever.

There being no waiver by plaintiff of defendants' late filing of their motions for a new trial and judgment notwith-

standing the verdict it follows plaintiff's motion to strike should have been sustained, that there was no such motion on file as required by rule 335, Rules of Civil Procedure, and this appeal should be dismissed.—Appeal dismissed.

All JUSTICES concur except HAYS, J., not sitting, and MOORE, J., who takes no part.