Donald WHITE, Appellant,

v.

Robert F. WILKES, also known as R. J. Wilkes and R. F. Wilkes, Appellee.

No. 53663.

Supreme Court of Iowa.

Dec. 9, 1969.

L. A. Nelson, Charles City, for appellant.

Miller, Pearson & Gloe, Decorah, for appellee.

RAWLINGS, Justice.

Plaintiff appeals from orders by trial court sustaining two separate, single case, special appearances. We affirm.

December 11, 1968, plaintiff brought an action at law asking judgment for $707 claimed to be owing him by the named defendant.

December 20, 1968, that defendant challenged jurisdiction of the court by special appearance. (Rule 66, Rules of Civil Procedure). In so doing he contended the party then named as defendant was Robert J. Wilkes, his true name being Robert F. Wilkes.

January 10, 1969, trial court sustained that limited appearance. From this ruling no petition to vacate judgment was filed nor appeal taken. (Rules 252–253 and 331, R.C.P.)

February 24, 1969, plaintiff filed an amended and substituted petition in the original case, wherein defendant was identified as Robert F. Wilkes, also known as R. J. Wilkes and R. F. Wilkes.

March 18, 1969, defendant again appeared specially challenging jurisdiction on the ground plaintiff had filed no pleadings within seven days of trial court's order on the first special appearance, which became a final adjudication under rule 86, R.C.P.

April 18, 1969, defendant's second special appearance was sustained upon the premise plaintiff had failed to comply with the requirements of rule 86, R.C.P.

On appeal plaintiff asserts trial court erred in sustaining both special appearances.

I. "A special appearance has for its purpose the interposing of objection to jurisdiction, such being the sole question placed before the court by such a restricted appearance." Tice v. Wilmington Chemical Corp., 259 Iowa 27, 34, 141 N.W.2d 616, 621. See also supplemental opinion, 259 Iowa 27, 143 N.W.2d 86.

Also, we said in Newcomer v. Newcomer, 199 Iowa 290, 292, 201 N.W. 579: "Under * * * the Code * * * [now rule 66, R.C.P.] the defendant is entitled to appear specially and object to the jurisdiction of the court. We have held, contrary to the current rule in most states, that this statute is broad enough to warrant the defendant in objecting to the jurisdiction of the subject-matter, as well as that of the persons. Scott v. Scott, 174 Iowa 740, at 747, 156 N.W. 834."

II. As to the matter of appealable right, this court stated in Wilson v. Corbin, 241 Iowa 226, 228, 40 N.W.2d 472, 474: "A final judgment or decision is one that finally adjudicates the rights of the parties."

More specifically, in Oldis v. John Deere Waterloo Etc. Works, 259 Iowa 1111, 1117, 147 N.W.2d 200, 203, we had this to say: "In sustaining appellants' special appearance, the cause as to them was terminated except for the right of appeal and a timely petition under rules 252 and 253."

It is thus evident plaintiff's failure to appeal from the order sustaining defendant's first special appearance constituted a waiver of appellate review, depriving plaintiff of any right to now be heard on that matter. Rules 331, 335, and 336, R.C.P.; Culligan Soft Water Service v. Berglund, 259 Iowa 660, 663, 145 N.W.2d 604; Sandler v. Pomerantz, 257 Iowa 163, 165, 131 N.W. 2d 814, and In re Atkinson's Report, 210 Iowa 1245, 1248, 232 N.W. 640.

But in connection with the sustaining of defendant's first special appearance, see Shields v. Heinold, 253 Iowa 898, 900–901, 114 N.W.2d 302, 6 A.L.R.3d 1174; 67

C.J.S. Parties § 156, pages 1156, 1158; 39 Am.Jur., Parties, section 124, page 1002; and 41 Am.Jur., Pleading, section 313, page 507.

This means the problem before us is confined to trial court's order sustaining defendant's second limited appearance, after a like ruling in the first instance.

III. Our review is not de novo and trial court's findings may not be successfully challenged if sustained by any substantial evidence. Griffel v. Northern Natural Gas Co., 257 Iowa 1140, 1143, 136 N.W.2d 265, and Johnson v. Aeroil Products Co., 255 Iowa 931, 933, 124 N.W.2d 425.

IV. It is of some significance that plaintiff filed, not an amendment, but rather an amended and substituted petition, which superseded his original pleading. See Pickford v. Smith, 215 Iowa 1080, 1082, 247 N.W. 256; 71 C.J.S. Pleading § 321, page 716; and 41 Am.Jur., Pleading, section 313, page 507.

So we are not here dealing with an amendment to a pleading, either mandatory or permissive.

V. Reduced to bare essentials, the question posed is whether plaintiff, *after* the sustaining of defendant's first jurisdictional challenging appearance, could in the same case file an effective amended and substituted petition with attendant new notice. As heretofore noted trial court held adverse to plaintiff. We agree.

Briefly stated, that conclusion finds ample support in Oldis v. John Deere Waterloo Etc. Works, supra. Incidentally, see also North English Savings Bank v. Webber, 204 Iowa 958, 961, 216 N.W. 10.

VI. It thus follows, plaintiff's attempt to revive a "dead" action by the filing of an amended and substituted petition took on all the attributes of an exercise in futility.

We therefore conclude trial court's conclusion was correct, though based on reasoning different than that here adopted by us. See in this regard State Auto & Cas. Under. v. Hartford Acc. & Ind. Co., Iowa, 166 N.W.2d 761, 765–766, and citations.

Affirmed.

All Justices concur, except BECKER, J., who dissents, and REES, J., who takes no part.

BECKER, Justice.

I respectfully dissent.

I think section 614.10, Code, 1966, should apply here as well as to Boomhower v. Cerro Gordo Co. Board of Supervisors, Iowa, 173 N.W.2d 95 (opinion filed December 8, 1969). See dissent in that case. If section 614.10 means anything at all, plaintiff's action should not be considered "dead".